**Lonnie BRINKLEY, Appellant,**

v.

**The STATE OF TEXAS, Appellee.**

**No. 16262.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1956.

Preston Pope Reynolds, Dallas, for appellant.

John A. Wild, Asst. Atty. Gen., State of Texas, for appellee.

1. "Memorandum and Order:

"Lonnie Brinkley presents here his 'Petition for Writ of Coram Nobis', seeking to review and set aside his conviction of murder and sentence to death by the Criminal District Court of Harris County, Texas. He alleges that his conviction was affirmed by the Court of Criminal Appeals of Texas, 277 S.W.2d 704, certiorari denied by the Supreme Court of the United States, 350 U.S. 938, 977, 992 [76 S.Ct. 310, 441, 558], and that the date of his execution has now been fixed for May 30, 1956.

"Brinkley has not applied to any State or Federal Court for the Writ of Habeas Corpus, and it is clear from the statement of his counsel, made orally and by memorandum endorsed on Brinkley's Petition, that this is not and is not intended as a Habeas Corpus proceeding.

"Brinkley's petition is accompanied by his affidavit under Section 1915, Title 28 U.S.C.A., of his inability to pay or give security for the costs of court, etc.

"Brinkley's petition and documents which accompany same have been examined and are disposed of as follows:

"1. Since Brinkley's Petition here has for its purpose the reviewing of the proceeding under which he says he is to be put to death on May 30th next, I follow the spirit rather than the letter of Parsell v. United States [5 Cir.], 218 F.2d 232, and allow Brinkley to proceed in this court and in any appellate court

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

Appealing from an order [1] of the district court dismissing, for want of jurisdiction, his "petition for writ of Coram Nobis", appellant is here insisting that the order was erroneously entered and should be set aside.

We do not think so. We are of the opinion, on the contrary, that the order was correctly entered and should be affirmed.

(unless otherwise ordered by such appellate court) under Section 1915, Title 28 U.S.C.A.

"2. Brinkley's petition, etc. having now been filed and docketed by the Clerk of this Court, and it appearing that this court is wholly without jurisdiction of such matter, It Is Ordered, Adjudged and Decreed that such matter be and the same is dismissed for want of jurisdiction. This Order is final. The opinion in United States v. Morgan, 346 U.S. [502] 503 [74 S.Ct. 247, 98 L.Ed. 248], discusses proceedings by petition for the Writ of Coram Nobis, but it is not there held that such proceedings may be brought in a court other than the trial court. It is definitely held in Strang v. United States [5 Cir.], 53 F.2d [820] 821, that such proceedings must be brought in the Trial Court.

"3. Nothing in these proceedings nor in this order shall be taken or construed as a stay or other interference with the carrying out of the sentence of or other proceedings in the State Court.

"The Clerk will record this Order on the minutes of the Court and furnish Brinkley and his counsel and the Attorney General of Texas each with a copy hereof.

"Done at Houston, Texas, this, 23rd day of May, A.D. 1956.

/s/ T. M. Kennerly,
United States District Judge."