**Lino URRUTIA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17006.**

United States Court of Appeals
Fifth Circuit.

March 19, 1958.

Rehearing Denied April 14, 1958.

**502**

Tom Whitaker, Jr., Tampa, Fla., for appellant.

Robert F. Nunez, III, Asst. U. S. Atty., Tampa, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges. ·

RIVES, Circuit Judge.

This appeal is from an order denying a petition for writ of error coram nobis. The judgment of conviction sought to be set aside was entered on March 13, 1935, upon petitioner's plea of guilty to possessing counterfeit federal notes in violation of Section 265, Title 18 U.S.C.A.[1] For that offense he was sentenced to imprisonment for two years. The grounds of attack are that petitioner was then an inexperienced youth barely eighteen years of age, and that he was not represented by and had not waived counsel. As to his innocence of the charge, the petition alleged:

> "That petitioner also submits that at the time of his arrest, he was not aware that the currency in his possession was counterfeit or otherwise, since he had made no attempt to dispose of it in any manner as it was the property of the aforestated co-defendant."

The petition for the writ was filed on July 25, 1957, more than twenty-two years after the entry of the judgment. Several unsuccessful proceedings had been begun in New York, the first as early as November 3, 1955, so that the attack on the judgment commenced slightly more than twenty years after its entry.

Of that twenty years the record shows that approximately twelve had been spent by the petitioner in various penitentiaries, first under the judgment of conviction attacked, then for other offenses, for which his punishment was increased because of his second and third convictions respectively. The judgment under attack had thus adversely affected petitioner through most, if not all, of that twenty years.

There is no showing that petitioner was ignorant of his rights throughout that period. In fact, on February 26, 1948, more than seven years before his earliest attack on the judgment, petitioner, while an inmate of a New York penitentiary, had written to the Clerk of the United States District Court in which this conviction was had as follows:

> "My name is Lino Urrutia. I was arrested on 6–21–34 in Tampa Florida on a charge of counterfeit money. I pleaded guilty to (?) and was sentenced to serve two years in Chillecothe.
>
> "I would like to know what I was arrested for and also, to what I pleaded guilty.
>
> "Will you please send me a copy of my indictment and any other information you may have concerning my case in your court. As soon as you can."

He makes no complaint that the Clerk withheld any information from him.

The first indictment returned against petitioner for this offense of possessing counterfeit federal notes, while setting forth a facsimile of the notes showing them to be Five Dollar notes, had erroneously described each note as "a Ten Dollar Federal Reserve Note." The district court then appointed Elmore Cohen, Esquire, as an attorney to represent the petitioner. That indictment was attack-

---

1. Now 18 U.S.C.A. § 472.

**503**

ed by demurrer, and the demurrer was sustained.

Attached as an Exhibit to the petition is a letter dated May 31, 1957, from Joseph E. Gillen, Esquire, Assistant U. S. Attorney in 1935, which shows that in all probability Mr. Cohen was excused by the court from appearing upon petitioner's arraignment under his second indictment for the offense. The letter states in part that, "I believe that Mr. Cohen went over the facts of this case with the defendant and determined that he had no defense and advised him to plead guilty. However this is more presumption on my part than anything else." A postscript to the letter states that the trial judge and Mr. Cohen are dead. Mr. Gillen's recollection of the facts, while frankly and honestly stated in his letter, is too hazy to contest a trial of this petition. The other witnesses, whose testimony might show that petitioner had waived his right to counsel, are dead. His claimed lack of criminal intent in all probability could not now be rebutted; nor could it be established by any testimony other than his own.

On August 2, 1957, the district court held the original petition in this case insufficient to warrant the granting of the motion because:

"1. The Petition fails to allege 'Sound reasons existing for failure to seek appropriate earlier relief.' U. S. v. Morgan, 346 U.S. 502, 512 [74 S.Ct. 247, 98 L.Ed. 248]; Gordon v. U. S., 216 Fed.2nd 495 (5th C.C.A.).

"2. The Petition fails to show that Petitioner was not advised of his right to counsel. Gordon v. U. S., 216 Fed.2nd 495 (5 C.C.A.)."

Petitioner's court appointed counsel filed an amendment to the petition to which petitioner's affidavit was attached as follows:

"When the proceedings were had against me in the United States District Court for the Southern District of Florida, at Tampa, Florida, in 1934 and 1935, I was a youth of 18 years and was completely ignorant as to what rights, if any, were secured to me by the Constitution, and as to the formalities necessary in the conduct of a criminal case, and having no one to advise me I was, therefore, easily influenced and plead guilty without any actual realization of the consequences thereof. Mr. Gillen states that Mr. Elmore Cohen was appointed to represent me on the first indictment, which was quashed. I had no conversation with Mr. Cohen and he did not advise me as to my conduct before the Court, neither was I advised that I had a Constitutional right to have counsel to represent me."

Upon a full, but unreported opinion, the district court then denied the writ with prejudice.

That action was proper, we think, for at least two reasons: First, there appeared "no * * * sound reasons * * * for failure to seek appropriate earlier relief." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248; 24 C.J.S. Criminal Law § 1606, p. 153. In the Morgan case, the four dissenting Justices thought that Morgan should be barred by a delay much less than that appearing in this case. Second, petitioner is precluded by the holding in the Morgan case that:

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252. See also Gordon v. United States, 5 Cir., 216 F.2d 495; 24 C.J.S. Criminal Law § 1606, b(1), p. 145.

Further proceedings more than twenty years after his conviction when petitioner is probably the only living witness who has any definite recollection of the pertinent facts would be more likely to defeat than to achieve justice.

The judgment is therefore

Affirmed.