Raymond THOMAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14941.

United States Court of Appeals District of Columbia Circuit.

Argued June 1, 1959.

Decided Oct. 15, 1959.

Mr. Alexander M. Heron, Washington, D. C. (appointed by this court) with whom Mr. Dickson R. Loos, Washington, D. C., was on the brief, for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The appeal is from an order of the District Court denying appellant's motion under 28 U.S.C. § 2255 (1952) attacking the validity of sentences imposed upon him in four cases. We refer to the cases by their numbers in the District Court. In No. 226–53, after trial and conviction of robbery, appellant was sentenced from three to nine years. Thereafter in Nos. 227–53, 228–53 and 229–53, he pleaded guilty to robbery and was sentenced in each case from two to six years. All four sentences run consecutively.

The motion challenges the sentence in No. 226–53 on the ground appellant did not have the effective assistance of counsel at his trial. The District Court followed the procedure called for by Section 2255, held a hearing and entered findings of fact and conclusions of law. These were adverse to appellant, and we find no basis for disturbing them.

Appellant urges, however, that the court erred in not requiring him to be brought to Washington in order personally to participate at the hearing. He relies upon United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. In that case, however, the facts were quite different. Hayman claimed conflict of interests on the part of his counsel due to the fact that a principal witness against him at his trial, who also was a defendant in a related case, was represented by the same counsel as himself; he was not told of this and he had no way of discovering the conflict until the trial was over. After entering a plea of guilty but before sentence, the witness referred to testified against Hayman. In these circumstances the United States conceded in the Supreme Court, as the Court of Appeals had held, that the presence of Hayman was essential at the investigation by the District Court. The Supreme Court stated, however, that whether a prisoner should be produced depends upon the issues, and used this language:

"We conclude that the District Court did not proceed in conformity with Section 2255 when it made findings on controverted issues of fact relating to respondent's own knowledge without notice to respondent and without his being present." 342 U.S. at page 220, 72 S.Ct. at page 273.

While appellant alleges that his counsel also represented the co-defendant charged in the same indictment for the same offense, appellant not only knew this but his own motion papers show that he himself employed the attorney to represent both. The District Court, Judge Youngdahl sitting, appointed new counsel to represent appellant in the proceedings on the Section 2255 motion, and the record shows that prior to the hearing on the motion the court inquired of counsel whether he would be hampered in any way by not having appellant in court during the proceeding. Counsel responded that he would not be hampered and could proceed fairly in representing

his client without his presence. Moreover, the judge had available the transcript of the trial and other evidence, upon the basis of which it does not appear there was any conflict or prejudice in the dual representation, which, as we have said, was knowingly brought about and paid for by appellant.[1] We hold that in these circumstances the District Court did not err in conducting the hearing without requiring appellant to be produced.[2]

In the other three cases, Nos. 227–53, 228–53 and 229–53, appellant's motion charges principally that his pleas of guilty were the result of duress, coercion and fear. The government has not controverted these allegations, either in the District Court or here, but has relied on the recent case of Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, for the proposition that there was no jurisdiction to entertain the motion with respect to those sentences because the petitioner had not yet begun serving any of them.[3] We believe, however, that jurisdiction lies under the doctrine of United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, regardless of whether petitioner is presently serving the sentences he attacks on the ground that they are based on coerced pleas of guilty.

In the Heflin case five members of the Supreme Court expressed the view that a motion under 28 U.S.C. § 2255 would not lie to attack a sentence under which the petitioner was not then presently confined. This was based on the words in the statute: "claiming the right to be released," and on the legislative history of the section.

There was, however, no mention in the Heflin case of other relief which might be available outside of Section 2255 and not cognizable under Rule 35, Fed.R. Crim.P., 18 U.S.C., and the Morgan case was not cited. Nevertheless the Heflin case has not sapped the Morgan case of any of its vitality.[4]

In the Morgan case, the petitioner was sentenced to a four-year term on a guilty plea in a federal court. After he had fully served his sentence, he was convicted by a New York court on a state charge and sentenced under New York's multiple offender act for a stiffer sentence than he would have received had he not been previously convicted on the federal charge. He subsequently filed an application for a common law writ in the nature of coram nobis in the federal court which had previously sentenced him, asking that his federal conviction, which had long since been served, be adjudged a nullity. The ground alleged was violation of his Sixth Amendment right to counsel, which he contended had not been competently waived.

The District Court treated petitioner's papers as a motion under Section 2255 and denied relief for lack of jurisdiction. The Second Circuit reversed, 1953, 202 F.2d 67, holding that Section 2255 was not applicable. Judge Augustus Hand, speaking for a unanimous court, said:

1. The relevant language of § 2255 is found in paragraph 4, which reads:
"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

2. Cf. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

3. Counsel appointed by this court to present this appeal stated in oral argument that petitioner was still serving the sentence in Case No. 226–53. The government agreed.

4. A prisoner who wishes to attack one of several consecutive sentences should not be required to wait 15 or 20 years if

he bases his petition *on facts outside the record,* where those facts relate only to sentences not then being served because of other and earlier convictions. For example: assume he alleges (1) he was beaten and threatened into agreeing to a guilty plea; (2) that he was sent to a hospital for 10 days after the beating to heal his injuries; (3) that the hospital records, nurses and Doctors X and Y can testify as to his bruises, etc.; (4) that he was still in fear of more beatings when he entered his guilty plea; (5) that if he is obliged to wait 15 or 20 years to prove the alleged coercion the nurses and doctors may not be available or their memories may fade.

"In view of the Congressional purpose in enacting § 2255 we can see no reason for construing it in such a way as to deprive a prisoner of remedies that were before open to him * * *." 202 F.2d at page 68.

The Supreme Court agreed with the Second Circuit that enactment of Section 2255 had not eliminated relief in the nature of the common law writ of error *coram nobis* and held that the District Court had jurisdiction under the All Writs Statute, 28 U.S.C. § 1651(a). It affirmed the Second Circuit's remand of the case to the District Court for a full hearing. At this hearing the District Court denied relief, 1954, 122 F.Supp. 623, but this was in turn reversed by the Second Circuit, 1955, 222 F.2d 673.

We should here apply the Morgan case. Cf. Pollard v. United States, 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393. The relief sought and the grounds therefor are both cognizable within the scope of the common law writ of error *coram nobis*. It had often been held prior to United States v. Morgan that the writ would lie to review convictions which are allegedly based on coerced pleas of guilty. See 30 A.L.R. 686 and cases collected there. The Morgan case itself specifically noted, as an example of the proper use of the writ, a conviction on a guilty plea obtained through the coercion of fear of mob violence, citing Sanders v. State, 1882, 85 Ind. 318. 346 U.S. at page 508, 74 S.Ct. at page 250. Recently, the Morgan case has been followed by this and other federal courts in cases where the petitioner alleged his plea of guilty was involuntary. Farnsworth v. United States, 1956, 98 U.S.App.D.C. 59, 232 F.2d 59, 62 A.L.R.2d 423; Shelton v. United States, 5 Cir., 242 F.2d 101, reversed on other grounds on rehearing en banc, 5 Cir., 1957, 246 F.2d 571, reversed on confession of error by Solicitor General, 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed. 2d 579.

Two things only serve to distinguish the instant case from United States v. Morgan: (1) there petitioner was attacking a sentence *already served;* here he is attacking a sentence he has not yet begun to serve; (2) there his papers were labeled as an application for a writ of *coram nobis;* here the papers are labeled "Motion to Set Aside Judgments of Conviction and to Withdraw Guilty Pleas"; the motion recited that the District Court had jurisdiction by virtue of Section 2255 and Rules 32(d) and 45(c), Fed.R.Crim.P. The labels are, of course, not controlling in either case.

The first point is a distinction without a difference. Other circuits have applied the doctrine of the Morgan case to attacks on sentences which the petitioner has not yet begun to serve. In Matter of Dinerstein, 9 Cir., 1958, 258 F.2d 609; Tucker v. United States, 9 Cir., 1956, 235 F.2d 238; Mitchell v. United States, 10 Cir., 1955, 228 F.2d 747. But see United States v. Baker, D.C.E.D.Ark. 1958, 158 F.Supp. 842. See also Madigan v. Wells, 9 Cir., 1955, 224 F.2d 577, 578 note 2.

As to the labeling point, the Supreme Court said in the Morgan case: "In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." 346 U.S. at page 505, 74 S.Ct. at page 249. See Darr v. Burford, 1950, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761. Here the so-far uncontradicted allegations of petitioner make "plain a right to relief" if appellant can show them to be true. The government must, of course, be given an opportunity to rebut those allegations, and "it is presumed the proceedings were correct and the burden rests on the accused to show otherwise." United States v. Morgan, 346 U.S. at page 512, 74 S.Ct. at page 253, 98 L.Ed. 248. Other cases in which motions not labeled as applications for writs of error *coram nobis* have been treated as such include Jones v. United States, 1958, 103

**504**

U.S.App.D.C. 326, 258 F.2d 420; Shelton v. United States, supra; In Matter of Dinerstein, supra, (denied as insufficient); United States ex rel. Bogish v. Tees, 3 Cir., 1954, 211 F.2d 69. See also Urrutia v. United States, 5 Cir., 253 F.2d 501, denial of hearing reversed on confession of error, 1958, 357 U.S. 577, 78 S.Ct. 1389, 2 L.Ed.2d 1548; Brinkley v. State of Texas, 5 Cir., 1956, 239 F.2d 166 (petition must be filed in sentencing court); Lopez v. United States, 9 Cir., 1954, 217 F.2d 526. But see Funkhouser v. United States, 4 Cir., 1958, 260 F.2d 86, certiorari denied, 1959, 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348 (where the court said there were no "special circumstances" present as in the Morgan case).

■ The net of the situation is that while Congress, in Section 2255, was affording a new remedy for post conviction attacks on a federal sentence, no congressional purpose can be divined to exclude ancient remedies where the new one does not reach the particular problem.

While we, of course, intimate no views on the merits of this petition, we hold on the authority of Morgan v. United States, supra, that where a sentence is attacked on grounds outside the record under circumstances where Section 2255 is not available, a petitioner has rights in the nature of the rights traditionally cognizable under the common law writ of *coram nobis*. Accordingly, we remand the case to the District Court with directions to treat petitioner's motion (only insofar as it relates to cases Nos. 227–53, 228–53, and 229–53) as an application for relief in the nature of the common law writ of error *coram nobis*.

Remanded for further proceedings as to Cases Nos. 227–53, 228–53, 229–53. Affirmed as to Case No. 226–53.