Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Appellant,

v.

James W. S. GIDLEY, Appellee.

No. 19176.

United States Court of Appeals Ninth Circuit.

Oct. 14, 1964.

18. C.C.P. § 2015.5.

Robert Y. Thornton, Atty. Gen. of Oregon, C. L. Marsters, Asst. Atty. Gen. of Oregon, Salem, Or., for appellant.

William J. Foley, Foley & Foley, San Jose, Cal., for appellee.

Before ORR, HAMLEY, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellee's petition for habeas corpus alleged that his plea of guilty was not a voluntary and understanding act, and that state court remedies had been exhausted. The district court issued orders to show cause, to which the State responded by producing the record of appellee's arraignment, sentencing, and post-conviction proceedings.

The district court granted the writ,[1] holding that the transcript of the arraignment conclusively established that appellee's guilty plea was not understandingly and voluntarily made.

The district court noted that a state trial court had rejected appellee's constitutional claim after an evidentiary hearing in a post-conviction proceeding, and that it did not appear that appellee had appealed. However, the district court held that the requirement of 28 U.S.C.A. § 2254 that "available" state remedies be exhausted was no bar to relief since state appellate review was no longer available to appellee. The court added that appellee's failure to appeal to the state supreme court could not "be deemed an intelligent and understanding waiver of his claim that he had been constitutionally convicted."

The State moved the district court to reconsider its decision. Attached to the motion were affidavits of the district attorney and deputy sheriff regarding occurrences not reflected in the state court records, bearing upon appellee's understanding of his rights and of the consequence of his guilty plea, and upon the voluntariness of that plea. Also attached were documents indicating that appellee had taken an appeal to the state supreme court in the state post-conviction proceeding, but that the appeal had been dismissed at appellee's own request.

The district court denied the motion for reconsideration, adhering to its view that the arraignment proceedings, as reflected in the official transcript, were in themselves a denial of due process. The court did not comment upon the State's contention that appellee had deliberately bypassed available state procedures.

On this appeal the State does not challenge appellee's constitutional theory, but contends that the petition for reconsideration and attached materials raised issues of fact which could not be resolved without an evidentiary hearing, both in respect to whether appellee had deliberately bypassed his state court remedies, and the merits of appellee's constitutional claim.

1. We wish to comment briefly upon the form of the pleadings.

The State's answers to the orders to show cause were confined to a recitation of the state court proceedings and the submission of relevant state court records. The allegations of the petition were ignored. The first direct response to the merits of appellee's allegations appears in the papers submitted with the motion for reconsideration.

The district court made nothing of the form and timing of the pleadings, and considered the matter tendered for the first time by the petition for reconsideration. We think the court acted properly, for, in the absence of an abuse of the processes of the court or prejudice to the opposing party, a motion for reconsideration may be treated as a peti-

1. The court stayed its order pending further proceedings, including this appeal.

tion for leave to amend the State's return.[2] For future reference, however, we wish to point out that the show cause procedure is employed in habeas corpus proceedings so that "the facts on which the opposing parties rely may be exhibited," and the return to the order should be one "setting up the facts thought to warrant * * * denial [of the application for the writ]." Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830 (1941).

■ The provision of section 2243 that the return should certify "the true cause of the detention" survives from an earlier form of the statute which did not provide for the show cause procedure (28 U.S.C.A. § 457 (1940 ed.)).[3] This language is not to be read as justifying omission from the return of factual allegations of the kind which the show cause procedure was designed to elicit, responding directly to those of the petition.

2. Turning to the merits, we agree with the State that issues of fact were raised which required an evidentiary hearing.

■ It is true, of course, that "the state court record alone may be sufficient to sustain the writ of habeas corpus, even without a full hearing in the district court. * * *" United States ex rel. Meers v. Wilkins, 326 F.2d 135, 140 (2d Cir. 1964). But this is so only when the facts sought to be established by the state record are undisputed, and reflect in themselves a denial of petitioner's constitutional rights. Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964) (and cases cited).

The transcript of the arraignment reveals that appellee appeared in court without an attorney, and stated that he had not consulted counsel and did not wish the assistance of counsel. The colloquy between appellee and the court may be read as indicating that appellee rejected the assistance of counsel because he thought the arraignment was to be only a "preliminary proceeding" in which the aid of counsel would not be necessary. Yet in the subsequent course of the hearing appellee waived indictment and pleaded guilty to an information charging rape upon a daughter, an offense punishable by life imprisonment, without the benefit, so far as the transcript shows, of any explanation as to the nature of the charge or the consequences of his plea.

The affidavits submitted by the State contained the following assertions. Prior to arraignment, the district attorney fully informed appellee of his right to remain silent, to have the facts submitted to a grand jury, to have the assistance of counsel, and to stand trial. Appellee was advised of the purpose of the arraignment, and the penalty which might be imposed on a guilty plea. He repeatedly stated that he wanted to waive a grand jury and preliminary hearing, did not wish an attorney, had committed the offense charged, and wished to plead guilty in order to get the matter over with as soon as possible. Statements in the transcript that the arraignment was a "preliminary" procedure were references to the fact (fully explained to appellee) that Oregon law requires that after a defendant pleads guilty to an offense such as that with which appellee was charged a psychiatric examination must be given, a psychiatric report prepared, and a presentence hearing held, before sentence can be imposed. (Ore.Rev.Stat. §§ 137.-112–137.114); and appellee's arraignment was only "preliminary" to these steps and to actual sentencing.

---

2. The statute provides in part that "[t]he return and all suggestions made against it may be amended, by leave of court, before or after being filed." 28 U.S.C.A. § 2243. The court may permit the filing of a supplemental or amended return even after the prisoner has been discharged. Tiberg v. Warren, 192 F. 458, 462–463, 112 C.C.A. 596 (9th Cir. 1911).

3. The court-developed show cause procedure was added to the statute in the 1948 revision of the Judicial Code. Compare § 455, title 28 U.S.C. (1940 ed.), with the first sentence of § 2243, title 28 U.S.C. (1959 ed.); see also, Moore's Commentary on the U.S. Judicial Code 434 n. 70 (1949).

These assertions created an issue of fact as to whether appellee had acted knowingly and voluntarily in waiving assistance of counsel and in pleading guilty. The transcript was evidence bearing upon that issue, but it was not conclusive. The State was entitled to an opportunity to offer evidence refuting the inferences which appellee and the district court drew from the transcript. Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964).

Appellant should also be permitted to adduce evidence bearing upon whether appellee "made a considered choice" in failing to utilize available state remedies. In view of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the district court properly held that its jurisdiction to entertain the petition could not be affected by appellee's failure to exhaust state court remedies other than those actually available to appellee when the petition was filed. The district court was also right in reading Fay v. Noia as confirming a limited discretion in the court to refuse to entertain a petition where failure to exhaust state remedies was a considered choice by the prisoner to abandon a known right. However, the "right" referred to is not, as the district court indicated, the petitioner's federal constitutional right, but rather "the privilege of seeking to vindicate his federal claims in the state courts." 372 U.S. at 439, 83 S.Ct. at 849. The State tendered factual allegations on the issue of waiver by appellee of appellate review in the state post-conviction proceeding which were not insubstantial. The State therefore should be permitted to offer proof in support of these allegations, particularly since little will be added to the burden imposed by the necessity of holding a hearing on the merits of appellee's constitutional claim. Cf. Doyle v. United States, 336 F.2d 640 (9th Cir. 1964). We understand, of course, that even if the district court should determine that a waiver meeting the stringent test of Fay v. Noia occurred, under the rule of that case the court in its discretion may conclude that appellee's petition should nonetheless be entertained and decided on its merits.

Reversed and remanded for further proceedings not inconsistent with this opinion.