Leland A. B. THOMAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18632.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 15, 1964.

Decided July 28, 1965.

---

1. Defense Department Overseas Teachers Pay and Personnel Practices Act, 73 STAT. 213, 5 U.S.C. §§ 2351, 2358.

Mr. James F. Carroll (appointed by this court), Washington, D. C., for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WASHINGTON and DANAHER, Circuit Judges, and BASTIAN, Senior Circuit Judge.

DANAHER, Circuit Judge.

Whether the appellant's motion of February 12, 1964 be treated as a motion to vacate sentence pursuant to 28 U.S.C. § 1651(a) (1965), as he called it, or a motion for relief pursuant to 28 U.S.C. § 2255 (1965), the record shows that no evidentiary hearing had been held in the District Court. Leave to appeal was there denied, but on petition filed here leave to prosecute the appeal was granted.

Appellant had been convicted of robbery in Criminal No. 848–54 and on November 24, 1954 had been sentenced to imprisonment for 5 to 15 years; in Criminal No. 847–54, appellant had been convicted of housebreaking and larceny and on December 7, 1954 had been sentenced to imprisonment for 5 to 15 years on the first count and to imprisonment for a year on the second count, the sentences on this conviction to run concurrently, but both sentences to be served consecutively to the sentence in Criminal No. 848–54; and in Criminal No. 846–54, following his plea of guilty to a second count charging grand larceny, appellant had been sentenced on January 7, 1955 to a term of imprisonment of 3 to 10 years, to run concurrently with the sentence in Criminal No. 848–54. No appeal had been taken from any of these convictions. At all times pertinent, the appellant had been represented by counsel.

Commencing in 1962, appellant filed a series of pleadings in the District Court, in each of which he had sought on various grounds to attack his convictions and the consequent sentences. Respecting his first motion of April 3, 1962, after the District Court had refused relief, this court denied leave to appeal in forma pauperis, and cert. was denied, Thomas v. United States, 371 U.S. 963, 83 S.Ct. 546, 9 L.Ed.2d 511 (1963). Yet other collateral attacks on his convictions successively had been denied until we reach the instant case, the fifth in the series, and the fourth which had charged that confessions had been elicited from him through duress and coercion. We have not been shown that the Government at any time had filed an opposition.

It is true, as the Government has contended, that federal courts are not required "to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). But the Supreme Court also emphasized with respect to second or successive applications for relief, that the prisoner is not to be denied an evidentiary hearing unless it shall appear that the application is conclusively without merit "on the basis of the application, files, and records of the case alone * * *." 373 U.S. at 15, 83 S.Ct. at 1077. The discussion which follows on pages 15, 16 and 17 of the Court's opinion, 83 S.Ct. on pages 1077, 1078, provides explication pertinent to our problem here.

Of course the Court recognized that a "successive" application might in some circumstances constitute an abuse of remedy as to which "the Government has the burden of pleading." 373 U.S. at 17, 83 S.Ct. at 1078.

Granted that in this fifth application for relief the appellant as in previous motions had asserted that his confession was coerced, his claim when earlier presented had never been adjudicated on the merits.

We had earlier thought that disposition of this case might be controlled by Hodges v. United States, 108 U.S.App. D.C. 375, 282 F.2d 858 (en banc, 1960), cert. dismissed as improvidently granted, 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed. 2d 184 (1961), and see cases cited in Fay v. Noia, 372 U.S. 391, 474, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) (dissenting opinion).

We are now satisfied, however, that Sanders v. United States, *supra,* must control. Within the standards there laid down, an evidentiary hearing must be afforded on the issues tendered by the appellant's motion of February 12, 1964.

Reversed.

WASHINGTON, Circuit Judge (concurring).

While I agree with the result reached by the majority, because of the importance of the case I shall set forth my view of the considerations involved. Appellant filed in the District Court a "motion to vacate sentence and discharge defendant" in purported reliance upon 28 U.S.C. § 1651(a), the All Writs Statute. The motion was denied by the District Court without an evidentiary hearing, and we granted leave to appeal *in forma pauperis,* citing Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Appellant's motion attacks three convictions on the ground that they were procured by the use of a coerced confession. In 1954, appellant and a co-defendant were indicted for housebreaking and larceny in Criminal Nos. 846–54 and 847–54, and for robbery in Criminal No. 848–54. Thomas was convicted in No. 848–54 of robbery and sentenced to be imprisoned for a term of 5 to 15 years. In Criminal No. 847–54, he was convicted of housebreaking and sentenced to another term of 5 to 15 years, to begin at the termination of the first sentence.[1] In Criminal No. 846–54, he pleaded guilty to the charge of grand larceny and was sentenced to a term of 3 to 10 years, to run concurrently with the robbery sentence. Appellant took no appeal from any of the convictions.

Treating his motion attacking his conviction in Criminal No. 848–54, under which he is now serving, as a motion to vacate sentence, 28 U.S.C. § 2255, I think the trial court erred in denying the motion without a hearing. This conclusion is dictated by recent Supreme Court decisions which effected a change in what was the established law in this jurisdiction. In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Court held that a state conviction based on a coerced confession can be collaterally attacked in Federal court. Compare Hodges v. United States, 108 U.S.App.D.C. 375, 377, 282 F.2d 858, 860 (1960),[2] cert. dismissed as improvidently granted, 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184 (1961). Since Section 2255 is "as broad as habeas corpus," Sanders v. United States, 373 U.S. 1, 13, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), it is clear that a coerced confession used in a conviction in a Federal court is also the proper subject of collateral attack under Section 2255.

Fay v. Noia also states that failure to appeal the original conviction does not bar collateral attack so long as the appeal is not available at the time the collateral attack is made. If the habeas applicant "understandingly and knowingly fore-

1. A one-year sentence on a second count (petit larceny) was also imposed, to run concurrently with the sentence on the first count.

2. Certiorari was granted by the Supreme Court, but when it appeared that Hodges had been granted an evidentiary hearing on his allegation of coercion, certiorari was dismissed as improvidently granted. No such hearing was afforded to Thomas.

went the privilege of seeking to vindicate his federal claims in the state courts," the Federal court *may* deny him relief. Fay v. Noia, *supra,* 372 U.S. at 439, 83 S.Ct. at 849. Compare Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192 (1950), cert. denied, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358 (1951). But the Supreme Court makes clear that a supposed waiver is to be closely scrutinized; and the court's decision on waiver must be made "after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default." [3] 372 U.S. at 439, 83 S.Ct. at 849. On the present record appellant's failure to appeal his original conviction does not justify the District Court's denial of appellant's motion without a hearing.

It is true that the District Court would have been justified in denying the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. But that is not this case. The transcript of the original trial was apparently not prepared, and there is no evidence in the record negating appellant's allegations that his confession was coerced.[4]

On remand, if appellant's original failure to appeal is not held to bar relief, the District Court can have the transcript of the original trial prepared. If the record as thus supplemented does not conclusively show that appellant's motion lacks merit, an evidentiary hearing on whether or not the confession was coerced would be necessary. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The fact that this is appellant's fifth Section 2255 motion does not justify its denial without hearing. See Smith v. United States, 106 U.S.App.D.C. 169, 270

F.2d 921 (en banc, 1959). Sanders v. United States, *supra,* clearly states that prior Section 2255 motions do not justify denial of a motion without a hearing, so long as the current motion sets forth a ground not previously considered on the merits.

The Court there stated:

"The prior denial must have rested on an adjudication of the merits of the ground presented in the subsequent application. See Hobbs v. Pepersack, 301 F.2d 875 (C.A.4th Cir. 1962). This means that if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held." 373 U.S. at 16, 83 S.Ct. at 1077.

Appellant has raised the coerced confession issue in the three motions immediately preceding the present one. But no evidentiary hearing was held on any of them. Clearly, factual issues were raised by appellant's allegations of coerced confession. The judges considering his motions gave no reasons for their denials. It might be argued that we should assume that the prior motions were denied because the records and files conclusively showed that appellant was not entitled to any relief. However, even if we assume that this was the ground for the denial of the previous motions, *Sanders* indicates that a hearing should have been granted on the present motion. A hearing must be granted if it would serve "the ends of justice." For example, an applicant is entitled to a new hearing if he shows that prior hearings were not "full and fair." 373 U.S. at 16–17, 83 S.Ct. at 1077–1078. The record before the court poses an analogous situation: it conclusively shows that the prior motions could not have been sum-

---

3. Even if the court finds that the petitioner knowingly forewent an appeal, the court can grant relief in the interest of justice. *Cf.* Gladden v. Gidley, 337 F.2d 575 (9th Cir. 1964). Where a Federal conviction is involved, the argument against granting relief is weaker,

since there is no interest of comity involved.

4. The Government does not argue that the records in the case show that appellant's contentions are untrue.

marily denied on the basis of the files and records. Hence, in the interest of justice, appellant must be given a hearing on his present motion.[5]

The argument that the appellant has abused the motion remedy is a matter which must be pleaded by the respondent, 373 U.S. at 10–11, 83 S.Ct. at 1074–1075, and, presumably, proved by him, 373 U.S. at 17, 83 S.Ct. at 1078. See *The Supreme Court, 1962 Term,* 77 HARV.L.REV. 62, 148 (1963). This apparently was not pleaded below.

Although the appellant is not now serving under the conviction in 847–54, he will begin service of that sentence upon the termination of the sentence in 848–54. The confessions used in both cases are alleged to have arisen from the same course of coercive interrogation. Hence, they could be disposed of in a single hearing without additional effort. If the court finds that the confessions were coerced, both sentences would properly be set aside.

The situation in 846–54 is somewhat different: appellant pleaded guilty in that case, and the sentence imposed has already been served. If appellant shows some reason why the matter has not been mooted, he could attack this sentence by way of *coram nobis.* United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500 (1959). Appellant did not allege in his motion that the guilty plea was made under duress. The special circumstances in the instant case, however, might warrant the judge in concluding that the guilty plea was induced by the alleged coerced confession. Appellant had just been convicted after

trial of two other offenses, with the help of the confessions. It is distinctly possible that the confession played a controlling part in his decision to plead guilty. If that proves to be the case, it is possible that that conviction should be set aside, too.[6] Sanders v. United States, 373 U.S. at 22, 83 S.Ct. at 1080.

---

5. It may also be observed that in *Sanders* a prior motion had been denied without a hearing, in part because the records and files showed that no relief was warranted. Nonetheless, the Supreme Court reconsidered the issue and stated that the records and files could not have shown that appellant was not entitled to any relief. The case was remanded to the District Court for a hearing. See *The Supreme Court, 1962 Term,* 77 HARV.L. REV. 62, 148–49 (1963).

6. Thomas v. United States, 106 U.S.App. D.C. 234, 271 F.2d 500 (1959). Compare Newman v. United States, 87 U.S.App. D.C. 419, 184 F.2d 275 (1950), cert. denied, 340 U.S. 921, 71 S.Ct. 352, 95 L. Ed. 665 (1951).