**UNITED STATES of America**

**v.**

**Herbert Kon MORGAN.**

**No. DCR6353.**

United States District Court
N. D. Mississippi,
Delta Division.

Jan. 3, 1966.

H. M. Ray, U. S. Atty., and E. Grady Jolly, Jr., Asst. U. S. Atty., Oxford, Miss., for United States.

Herbert Kon Morgan, pro se.

CLAYTON, District Judge.

This cause is before the court on a motion by defendant, Herbert Kon Morgan, to withdraw his pleas of guilty entered 8 August, 1963, to an information charging him in two counts with forcibly breaking into United States post offices with intent to commit larceny, in violation of 18 U.S.C. § 2115. The government has responded with a motion to dismiss the defendant's motion and the defendant has filed a reply to the government's motion.

Rule 32(d), Federal Rules of Criminal Procedure, requires that motions to withdraw pleas of guilty be made prior to imposition of sentence, except that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." To demonstrate that "manifest injustice" has occurred, defendant alleges that his pleas were not made voluntarily and with understanding of the nature of the charges and that in accepting those pleas the court violated Rule 11, Federal Rules of Criminal Procedure. In support of his claim that he did not understand the nature of the charges, defendant alleges that the United States Attorney stated at the arraignment proceedings at which the pleas were entered that, "in this case the defendant is charged in two counts with matters concerning the *bank* and post office in Coahoma County as to larceny * * *," (emphasis added), when in fact the charges were limited to post office burglaries. In support of his claims that the pleas were not made voluntarily, the defendant alleges that a probation officer of this court, in collusion with the United States Attorney, improperly made certain promises to him to induce his pleas of guilty and that he so pled in reliance on those promises.

Defendant is presently serving a four year federal sentence which will expire sometime in January 1966, and which is unrelated to the instant case. When that four year sentence is completed, he will begin service of the eight year general sentence imposed in this case, which he now attacks. At the same time, he will begin concurrent service of a two year federal sentence in another unrelated case. It is thus apparent that a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is, as defendant admits, jurisdictionally barred at least until completion of the two year concurrent sentence. Young v. United States, 337 F.2d 753 (5th Cir. 1964); Miller v. United States, 256 F.2d 501 (9th Cir. 1958).

Defendant claims that the general sentence is illegal under the rule of Benson v. United States, 332 F.2d 288 (5th Cir. 1964), but he disavows any purpose to proceed under Rule 35 to correct the sentence because, on the basis of decisions such as Redfield v. United States, 315 F.2d 76 (9th Cir. 1963), wherein it is said that such a motion "presupposes a valid conviction," he concludes that he cannot question the legality of the sentence without first conceding the validity of the conviction. He misunderstands the decisions, for there is no valid reason that he may not attack his conviction and, in the alternative, question the legality of the sentence. Because of his misunderstanding, neither the defendant nor the government considered this issue in their motions and responses and it will be reserved for later disposition.

An application to withdraw a plea of guilty after sentence is addressed to the sound discretion of the trial court. Williams v. United States, 192 F.2d 39 (5th Cir. 1951). That discretion is limited by the provision of Rule 32(d) that a plea of guilty may not be withdrawn after sentence except when manifest injustice has been shown. United States v. Swaggerty, 218 F.2d 875 (7th Cir. 1955). Manifest injustice does not ap-

pear unless the defendant at least asserts that he is innocent of the charges to which he pled. United States v. Norstrand Corporation, 168 F.2d 481 (2d Cir. 1948); Cf. Shores v. United States, 352 F.2d 485 (5th Cir. 1965).

Nowhere in his motion did defendant assert his innocence of the charges. When this point was raised in the government's motion, thereby giving defendant an opportunity to belatedly claim that he was not guilty, the defendant again refrained from asserting his innocence. Instead, he cited Woodring v. United States, 248 F.2d 166 (8th Cir. 1948), for the proposition that the defendant's guilt or innocence is not in issue on a motion to withdraw a plea of guilty. See also Friedman v. United States, 200 F.2d 690 (8th Cir. 1952). That proposition is indeed true, for the court need not first determine that the defendant is innocent, or even that there is a reasonable possibility that he would be able to prove his innocence, in order to permit withdrawal of the plea. That issue would arise only if the plea were permitted to be withdrawn and defendant was put to trial on a plea of not guilty. But, unless defendant contends that there would at least be an issue to be resolved when the merits of the charges were ripe for consideration, he has not shown that he has been the victim of such manifest injustice as would permit the court, in its discretion, to relieve him of the consequences of his earlier plea of guilty.

■ The defendant's reluctance to assert his innocence may perhaps be ascribed to his memory of his testimony in a related case, United States v. Lambert, No. DCR6415, in which Lambert was charged with having participated in the same crimes of which defendant in this case was convicted. This defendant, Morgan, was called as a witness for Lambert.

His testimony, in substance, was that Lambert was not involved in the crimes charged and that he, Morgan, had committed them alone. In the face of this testimony and in the face of the defendant's refusal to now assert his innocence, this court is unable to say that the defendant has alleged facts which, if proven, would show the occurrence of manifest injustice as a result of his pleas of guilty.[1]

■ In explaining his election to proceed under Rule 32(d), defendant stated that all other post-conviction remedies were now closed to him. The lack of availability of a motion to vacate sentence pursuant to 28 U.S.C. § 2255 has already been described. The only other remedy which conceivably could be now applicable here is the writ of error coram nobis. Defendant understands the cases which hold that coram nobis is available *before* or *after* service of the challenged sentence, see, e. g., United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), and Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500 (1959), as creating a converse of that rule so that the remedy is not available *during* service of the challenged sentence. Since a hearing could not be held in this cause prior to the time when he would begin service of the sentence in question here, defendant assumes that coram nobis would be jurisdictionally barred. The defendant's understanding of the cited cases is incorrect. Rather, their teaching is that, unlike a section 2255 motion or an application for a writ of habeas corpus, the presence or absence of custody under the challenged sentence is not material in determining the court's jurisdiction to issue a writ of error coram nobis, although that element may have bearing on the merits of the claim for relief. The defendant's motion must therefore be con-

1. It is not without interest that the instant motion was filed approximately two years after the pleas were entered, although most of the grounds alleged for the motion should have been apparent as soon as sentence was imposed. It is also significant that the motion was filed after Lambert was acquitted of the same charges to which Morgan pled guilty.

sidered as if it were an application for a writ of error coram nobis.

██ Coram nobis is an extraordinary remedy and its use is limited to circumstances which compel such action to achieve justice. United States v. Morgan, supra; Young v. United States, supra; Johnson v. United States, 344 F.2d 401 (5th Cir. 1965). The function of the writ is primarily to correct errors of fact on the part of the trial court which were of such a fundamental character as to render the proceeding itself irregular and invalid. Moon v. United States, 106 U.S. App.D.C. 301, 272 F.2d 530 (1959). The more frequent examples of the use of the writ in recent years have been, as noted above, cases in which section 2255 relief was jurisdictionally barred because the prisoner was not then in custody under the challenged sentence or, because of an unchallenged concurrent sentence, was not presently entitled to release. But coram nobis is not merely a means of evading the jurisdictional prerequisites of a section 2255 motion; something more than the lack of availability of the latter remedy is required. Compare Young v. United States, supra.

Just what this "something more" may be is not readily discernible in the decisions. Whether defendant has alleged facts which, if proven, would constitute those extraordinary circumstances which compel resort to coram nobis to achieve justice, is not free from doubt. In resolving that issue it is necessary that the grounds for relief alleged by defendant be considered.

The first ground, i. e., that he was misled by the United States Attorney's slip of the tongue at the arraignment proceedings so that his pleas were not entered with understanding of the nature of the charges against him, is amply rebutted by the record and could be summarily denied regardless of the form of the remedy by which it was presented to the court. As demonstrated by his pro se motion, memorandum of law and reply to the government's motion, all of which are well-drafted and far above the norm for a prisoner's pleadings, defendant is a literate and intelligent man. His experience in this and other criminal cases in this court suggests that he has more than usual familiarity, for a layman, with federal criminal procedure and the procedures of this court. The transcript of the arraignment proceedings now in question reveals that prior to the convening of court defendant was given a copy of the information (in which he was charged after waiver of indictment) and that when his case was called, the entire information was read aloud to the defendant, thereby eliminating the confusion, if any, which was created by the prosecutor's erroneous statement that the charges involved a bank as well as the post offices.

In an affidavit appended to his motion, defendant states:

When I was taken to Court on August 8, 1963, the United States Attorney came in the courtroom about ten or fifteen minutes before Court started and began getting "Waivers" signed and giving out copies of Charges. There were six or seven other persons being tried. When he came to me, he handed me a Bill of Information *showing that I was the only person charged with the Post Office Burglaries.* (Emphasis added.)

A fair inference arises from this statement that he read and knew the contents of the information prior to entering his plea.

At an earlier point in the same affidavit defendant states that a copy of a complaint was served upon him, in which he was charged with burglary of the post offices at Rich, Mississippi, and Coahoma, Mississippi, the same post offices named in the information. He also states, as the files and records show, that he was "arraigned" before the United States Commissioner. Compare the similar circumstances in Woolard v. United States, 178 F.2d 84, 87 (5th Cir. 1949),

in which the court adverted to commissioner's hearings as being the factual basis for the conclusion that "appellants were fully aware prior to their sentence and conviction of the nature and substance of the charges against them . . .."

■ While defendant claims that he did not understand the charges against him, the real thrust of his claim in this regard appears to be that the court erred in technically failing to comply with the requirements of Rule 11. Certainly the requirements of that rule are mandatory. But the court is under no obligation to follow a set ritual in determining that a guilty plea is entered voluntarily and with understanding of the nature of the charges. Floyd v. United States, 260 F. 2d 910 (5th Cir. 1958). The transcript reveals that the court did inquire into the voluntariness of the plea. That no detailed inquiry was also made with respect to defendant's understanding of the charges against him does not, per se, demonstrate a violation of Rule 11. The court was necessarily aware of defendant's familiarity with federal criminal procedure and the charges were far from complex. From all the circumstances the court could reasonably find that defendant understood those charges as set out in the simple wording of the information, and that he understood the consequences of his pleas.[2]

■ The court must conclude that the defendant's motion and the files and records of the court adequately demonstrate that his claim for relief predicated upon the United States Attorney's slip of the tongue is frivolous and would not admit of proof regardless of the remedy under which defendant sought to assert it.

The second claim for relief is a different matter. Here defendant alleges that one of the court's probation offi-

cers came to him in jail prior to arraignment and attempted to persuade defendant to plead guilty. In the course of this attempt, the probation officer allegedly threatened that if a conviction were obtained after trial instead of on a plea of guilty, the punishment would be more severe. The probation officer also allegedly promised that if defendant pled guilty, friends of his who were jointly charged would be released and the charges would be changed so that defendant was the sole person accused, and that defendant would be sentenced to a maximum of five, and probably no more than four, years imprisonment. Defendant also alleges, in substance, that these promises were made in collusion with the United States Attorney and that he entered pleas of guilty in reliance on those promises, but that the promises were not kept.

If this second claim were properly presented in a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and such a motion were not jurisdictionally barred, clearly defendant would be entitled to a hearing. If the allegations of the motion were proven to be true, the judgment would be vacated and defendant would be permitted to enter a plea of not guilty. The question at this point is whether, under all the circumstances of this case, the same results must follow under an application for a writ of error coram nobis.

As noted earlier, those circumstances must be so extraordinary that resort to coram nobis is compelled to achieve justice. The impossibility of defining this concept with mathematical precision necessarily commits resolution of the issue to a sound judicial discretion. While analogies may be drawn from other cases, each case must be considered on its own facts.

Assuming, as must be done now, that the allegations of the motion are true,

2. Although defendant was not expressly advised of the maximum penalty in the arraignment process, he acknowledged re-

ceipt of the information, which stated that maximum penalty.

defendant has been the victim of an injustice and has suffered a denial of constitutional right. Does the present continuance of this injustice supply the requisite extraordinary circumstances which justify resort to coram nobis, when it is conceded that the error may be corrected as soon as he begins to suffer confinement solely under the allegedly invalid sentence?

Even if the judgment were now vacated, defendant would not be entitled to release until his concurrent two year sentence had been completed. The court could not accord him any relief which would be presently meaningful. There is nothing to suggest, for example, that this conviction has been taken into account by some other court in imposing sentence for another crime, as was the case in United States v. Morgan, supra, or that the conviction has been made the basis of a deportation order, as in Marcello v. United States, 328 F.2d 961 (5th Cir. 1964), or that any similar circumstance exists where, as a direct or indirect result of this conviction, the defendant has been or is being deprived of a legal right, except for those rights directly involved in the conviction itself.

At most, the only harm which may now be inflicted upon the defendant by leaving the judgment undisturbed until it can be challenged on a section 2255 motion appears to be the possibility that the evidence which defendant expects to offer in support of his allegations may become stale during the two year delay. Of course, the government's rebuttal evidence will equally suffer. This element had considerable bearing on the court's decision in Johnson v. United States, supra, to permit the prisoner to present his claim by way of coram nobis. It appears that the decision in *Johnson* is distinguishable from the present case in several respects. First, the basic facts which the defendant in this case must prove are relatively concrete, while in *Johnson* the basic fact was fleeting, vague and largely subjective, i. e., the

prisoner's mental competency at all times relevant to the proceedings against him. Second, the period in which Johnson's evidence might grow stale (if coram nobis was not allowed), measured from the date of the decision by the court of appeals, was approximately eleven years, while in the present case the similar period is only two years. Third, the issue to be considered on the coram nobis proceeding in *Johnson*, mental competency, was essentially the same as the issue to be considered in a related section 2255 proceeding in another case involving the same prisoner, and "it manifestly would be bad judicial husbandry not to consider the pertinent common mental competency questions at the same time." No similar circumstance exists in this case.

While the words which define the standards are different, it appears that the concept of "manifest injustice" applicable to Rule 32(d) motions, a stringent standard itself, is somewhat similar to, but substantially more liberal than, the limitation on coram nobis effected by the requirement of "extraordinary" or "peculiar" circumstances. In this regard, the defendant's refusal to profess his innocence, coupled with his sworn testimony in the related case in which he accepted all guilt for the crimes, is persuasive that coram nobis should not be resorted to here.

The court must conclude that the extraordinary circumstances which compel resort to the unusual remedy of coram nobis in order to achieve justice, do not exist in this case. In reaching this conclusion, the court is not unmindful of its obligation to look beyond form and procedure so as to do substantial justice, especially in connection with pro se post-conviction motions filed by prisoners. This decision turns not on form or procedure, but on the facts revealed by the record coupled with all facts which might be proven under the most liberal construction of the instant motion. The restraints judicially imposed on the writ

**330**

of error coram nobis were prescribed for valid reasons, just as were the restraints legislatively imposed on section 2255 motions. To hold that coram nobis was available in the circumstances here would amount to an abrogation of both types of restraints and would have the practical effect of extending section 2255 relief to all persons convicted in federal courts, regardless of the presence or absence of custody under the challenged sentence or the presence or absence of any right to immediate relief in the event the judgment were vacated. It cannot be supposed that Congress so intended.

The defendant's motion to withdraw his plea will be overruled and the motion, taken as an application for a writ of error coram nobis, will be denied.

An order will be entered in accordance with the foregoing.