**Ernest Philip McKAY, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Crim. No. 8985.**

United States District Court
D. North Dakota,
Northeastern Division.

Nov. 3, 1967.

———◆———

Ernest Philip McKay, pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., for respondent.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

On September 18, 1962, Ernest Philip McKay entered a plea of guilty to each count of a three-count indictment charg-ing him with violation of § 1153, 18 U.S. C. In count one, petitioner, an Indian, was charged as a principal in the forcible rape of a female Indian not his wife. In counts two and three he was charged as an aider and abettor in the forcible rape of the same woman by two other male Indians.

§ 1153 then provided,[1] as far as is here pertinent, that:

" * * * the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape on any female Indian within Indian country, shall be imprisoned at the discretion of the court."

On October 5, 1962, a general sentence as to all counts was imposed on McKay pursuant to § 5010(b), 18 U.S.C.A., the Federal Youth Corrections Act. Under the Act, § 5017(c), McKay was entitled to be released conditionally under supervision on or before the expiration of four years from the date of his conviction and is to be discharged unconditionally on or before six years from the date of his conviction.

On May 2, 1967, while on conditional release under the Act, McKay entered a plea of guilty to each count of the two-count indictment charging separate acts of incest in violation of § 1153, 18 U.S.C., committed in October, 1964, and in September, 1965. While it is this sentence he is now serving, the matter now before the Court stems from his application for permission to proceed in forma pauperis, § 1915(a), 28 U.S.C.A., and to file a motion pursuant to § 2255, 28 U.S.C.A., in which he seeks to vacate the sentence imposed upon him October 5, 1962, on the basis that he was not advised prior to sentencing that the maximum sentence under the Federal Youth Corrections Act was six years.

██ Since McKay is not presently serving the sentence which he seeks to attack, this Court lacks jurisdiction under

1. Amended November 2, 1966, Pub.L. 89–707, § 1, 80 Stat. 1100.

§ 2255 to entertain the motion, Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Roberts v. United States, 9 Cir., 365 F.2d 251; United States v. Morgan, D.C., 39 F.R.D. 323; and even though the motion be considered as being made pursuant to § 1651, 28 U.S.C.A. (coram nobis) or Fed.Rules Cr.Proc. rule 35, 18 U.S.C.A. (the Court may correct an illegal sentence at any time), it would necessarily have to be denied. It is only when the maximum sentence under the Youth Corrections Act exceeds the maximum sentence contained in the statutes to which petitioner pleaded guilty that the failure of the Court to explain the penalty under the Youth Corrections Act would warrant the granting of any relief. In Re Lee's Petition, D.C., 232 F.Supp. 415; Workman v. United States, 1 Cir., 337 F.2d 226.[2]

Now, therefore, it is ordered that the motion of Ernest Philip McKay to vacate the sentence imposed upon him October 5, 1962, be filed with the Clerk of this Court without prepayment of the required filing fees, and

It is further ordered that the motion of Ernest Philip McKay to vacate the sentence imposed upon him October 5, 1962, be and the same is hereby denied.

2. See Brown v. United States, D.C., 248 F. Supp. 146, and cases cited therein where relief was granted when the maximum sentence under the statute violated was less than the maximum sentence of six years as provided for in the Federal Youth Corrections Act.