**Barney GERSHON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States Court of Appeals Eighth Circuit.

April 18, 1957.

Barney Gershon, pro se.

Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.

PER CURIAM.

Barney Gershon, a federal prisoner, has petitioned this Court for leave to proceed in forma pauperis on appeal from an order of the District Court dated February 12, 1957, denying his motion, under 28 U.S.C. § 2255, for the vacation of a sentence of ten years imprisonment imposed May 7, 1954. This sentence was based upon his plea of guilty to two counts of a four-count information (indictment having been waived) charging in each count a separate sale of heroin in violation of 26 U.S.C. § 2554(a), and upon his admission that he had six prior convictions for similar offenses as stated in an information filed by the United States Attorney with the court. The sentence imposed was the minimum sentence prescribed by the applicable statute [1] (referred to as the Boggs Act) "for a third or subsequent offense."

Gershon's petition to this Court for leave to proceed on appeal in forma pauperis shows that he had twice unsuccessfully moved the District Court to vacate his sentence on the ground that the statute under which he was sentenced was unconstitutional and discriminatory in that, unlike other federal criminal statutes, it provides greater penalties for violators with similar prior convictions.

Gershon's petition to this Court also shows that he petitioned the District Court for leave to appeal in forma pauperis from its order of February 12, 1957, denying his second motion to vacate his sentence. That order reads as follows:

"The defendant has filed 'Motion to vacate, correct, or set aside judgment' of sentence imposed upon him on May 7, 1954, when he entered a plea of guilty to violating the Narcotics Act, and was committed to the custody of the Attorney General for ten years, under the provisions of the 'Boggs Act'.

"On November 28, 1956, he also filed such a motion, which was duly considered by the court and overruled. The grounds alleged in his present motion are practically the same as those alleged in the motion filed on November 28. Section 2255 Title 28 U.S.C.A. provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

"Said motion is hereby overruled, not only for the reason that the

1. 65 Stat. 767, 768, 26 U.S.C.1952 Ed. § 2557(b) (1) (now 26 U.S.C. § 7237).

court may not be required to entertain more than one motion, but also for the reason that it is entirely without merit."

The District Court, in denying Gershon leave to appeal in forma pauperis from this order, stated that the appeal "is entirely without merit, and therefore not taken in good faith."

Title 28 U.S.C. § 1915(a) authorizes proceedings in forma pauperis on appeal, but provides that "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

■ Gershon contends that the District Court abused its discretion in denying him leave to appeal in forma pauperis, and asserts:

"The issue raised in the petition was based on the punitive measures of the Boggs Act, inasmuch that it singled out repeated offenders of narcotics laws and to increase the punishment with mandatory sentences for each subsequent offense, but this does not apply to other offenders, who are repeaters of violations of federal statutes. Therefore, the 'Boggs Act' is a discriminatory measure and class legislation hence such an act violates the Equal protection clause of the Fourteenth Amendment of the United States Constitution. At this point the question must well be asked how is the constitutionality of a created statute tested, if it is not reviewed by our courts of appellate jurisdiction?"

In cases such as this, where it is difficult for this Court to determine from a petition what basis an impecunious defendant has for contending that his case involves a meritorious question which he ought to be permitted to have reviewed at government expense and that a District Court's certification that his appeal is frivolous and not taken in good faith is unwarranted, we have made it a practice to procure from the sentencing court the files and records which, if the appeal were perfected, would constitute the original record on appeal. We do this for the purpose of satisfying ourselves that we understand the situation out of which the petition arises and the nature of the question which the petitioner contends would justify the Court in granting him leave to proceed in forma pauperis.

In Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 584, 87 L.Ed. 746, the Supreme Court has said:

"For purposes of this case, we shall assume, as petitioner contends, that the Act of 1910 [Act of June 25, 1910, 36 Stat. 866, as amended, 28 U.S.C. § 1915] does not foreclose all appellate review in forma pauperis when the trial court has certified its opinion that the appeal is not taken in good faith. But we think that where, as in this case, leave is necessary to perfect the appeal, the certification must be given effect at least to the extent of being accepted by appellate courts as controlling in the absence of some showing that the certificate is made without warrant or not in good faith."

We have regarded that statement as applicable to petitions such as the instant one. See and compare, Higgins v. Steele, 8 Cir., 195 F.2d 366.

The District Court was not required to entertain the second motion to vacate sentence made by Gershon. If it be assumed that an appeal from the order of February 12, 1957, would, in some way, permit the review of the question of the constitutionality of the Boggs Act, the trial court was justified in concluding that Gershon's contention that it was unconstitutional was frivolous. See Beland v. United States, 5 Cir., 128 F.2d 795, and Pettway v. United States, 6 Cir., 216 F.2d 106; and compare, McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542, and Graham v. State of West Virginia, 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917.

We have discussed the problem presented by Gershon's petition in greater detail than would otherwise be justified, because of implications which might be drawn from the per curiam opinion of the Supreme Court in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L. Ed.2d 593, reversing the Court of Appeals for the Second Circuit for denying a defendant, who was seeking to appeal from a judgment of conviction and asking for assignment of counsel, United States v. Johnson, 2 Cir., 238 F.2d 565, leave to proceed in forma pauperis. Leave was denied by the Court of Appeals because the trial court had certified that the appeal was not taken in good faith. The Supreme Court—after ruling that the certification of the District Court was not final or conclusive and that a Court of Appeals must, under Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, afford one who challenges such certification the aid of counsel "unless he insists on being his own," and must also afford him adequate means for showing that the grounds for seeking an appeal from the judgment of conviction are not frivolous—concluded at page 566 of 352 U.S., at page 551 of 77 S.Ct.:

> "Since here the Court of Appeals did not assign counsel to assist petitioner in prosecuting his application for leave to appeal *in forma pauperis* and since it does not appear that the Court of Appeals assured petitioner adequate means of presenting it with a fair basis for determining whether the District Court's certification was warranted, the judgment below must be vacated and the case remanded to the Court of Appeals for proceedings not inconsistent with this opinion."

It seems apparent to us that Johnson v. United States, supra, is inapplicable to the instant problem. That case dealt with the denial of leave to appeal in forma pauperis from a judgment of conviction and not from an order in a proceeding under 28 U.S.C. § 2255 to set aside a final judgment of conviction. In that case Johnson was asking for the assistance of counsel. In this case there is no such request by Gershon. The Supreme Court evidently regarded the application to the Court of Appeals for leave to proceed in forma pauperis on appeal from the judgment of conviction as a step in the criminal proceedings against the defendant. In Johnson v. Zerbst, supra, at page 463 of 304 U.S., at page 1022 of 58 S.Ct., the Court had said, referring to a defendant in a criminal case: "'* * * He requires the guiding hand of counsel at every step in the proceedings against him.' The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel."

█ A motion by a convicted defendant, under 28 U.S.C. § 2255, to vacate a judgment of conviction is not a step in the criminal proceeding against him, but is—like habeas corpus—a means of testing the validity of his detention after conviction. Surely, no court is required to grant leave to a defendant to appeal in forma pauperis where it is obvious that this appeal is doomed to futility.

The petition of Gershon for leave to proceed in forma pauperis on appeal is denied upon the ground that the certificate of the District Court to the effect that his appeal is without merit and not taken in good faith is not shown to be, and was not, unwarranted, arbitrary or improper.