**In the Matter of the Application of Dale A. DINERSTEIN, For a Writ of Habeas Corpus.**
**Misc. No. 717.**

United States Court of Appeals
Ninth Circuit.
April 22, 1958.

Dale A. Dinerstein, in pro. per.

No appearance for respondent.

Before HEALY, POPE and FEE, Circuit Judges.

POPE, Circuit Judge.

The appellant, a prisoner at McNeil Island Penitentiary, serving a sentence imposed by the court below, makes application to us for leave to prosecute this appeal and to proceed in this court in forma pauperis. The trial court has certified in writing that the appeal is not taken in good faith.

The record shows that in the court below the petitioner sought a post-conviction remedy by filing a petition for writ of habeas corpus. Suggesting that the sole remedy was one under Title 28 U.S.C.A. § 2255, the trial court permitted the application to be treated as one made under that section since petitioner's original trial and sentence had been in the same court to which the so-called petition for writ of habeas corpus had been addressed.

As appears from petitioner's application and the exhibits attached thereto, two separate indictments were returned against petitioner, one of them being designated as No. 48,986, and the other as 48,911. The first numbered indictment contained a single count; the second, three counts. The charge in the first indictment was passing and uttering a forged United States Treasury check; the charge in the three counts in the second indictment was having in his possession checks unlawfully abstracted from the mails.

Pursuant to Rule 13 of the Rules of Criminal Procedure, 28 U.S.C.A., the two indictments were ordered tried together. Upon trial of the consolidated case petitioner was found guilty on all four counts. For his conviction upon the count stated in the first indictment No. 48,896, petitioner was sentenced to a term of five years and to pay a fine of $1000. For his conviction upon the first count of the second indictment No. 48,911, petitioner was sentenced to imprisonment for the period of one year, "the execution of the sentence in this count to be consecutive to, and not concurrent with the execution of the sentence in cause No. 48,-896." For his conviction under Count 2 of the second indictment, petitioner was sentenced to imprisonment for a period of one year, "the execution of the sentence of this count to be consecutive to, and not concurrent with, the execution of the sentence imposed in Count 1 herein." Execution of the sentence on Count 3, which was imprisonment for five years, was suspended.

Petitioner's whole case turns upon the circumstance that the trial judge instead of signing and filing one judgment thus sentencing the petitioner, signed and filed two separate documents, both filed simultaneously, but each one separately entitled and numbered. Petitioner's whole point is that the court was without jurisdiction to do this; that in filing the judgment in No. 48,896, the court had exhausted its power of sentencing and the separately filed sentence in 48,911 was a nullity.

Since this judgment or these documents were made and entered on the 19th day of February, 1954, it is apparent that petitioner has not completed the service of his five year sentence under the count stated in No. 48,896. His contention is that if this is the only sentence, he is eligible for parole.

Whether that circumstance would permit him now to institute a § 2255 proceeding need not concern us for if there is any difficulty in that respect (see To-

liver v. United States, 9 Cir., 249 F.2d 804), his application could be treated as one for relief in the nature of coram nobis, under the rule of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. In short, we do not choose to make anything here turn upon the circumstance that petitioner may have applied the wrong name to the application.

The first problem here is whether we are now called upon to furnish to petitioner an additional record or to appoint an attorney for him in connection with his application for leave to proceed in forma pauperis under the rule in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, and Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L. Ed.2d 1529. Johnson v. United States was a case which came before the court of appeals upon appeal from a judgment of conviction in a criminal prosecution of appellant. The decision of the Supreme Court was that Johnson was entitled to the appointment of counsel to aid him in the perfection of this appeal because of the rule in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1022, 82 L. Ed. 1461, holding that a defendant in a criminal prosecution must have the assistance of counsel unless he insists on having it otherwise. The decision in Johnson v. Zerbst was based upon the guaranty of the Sixth Amendment that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Obviously in Johnson v. United States, supra, the Supreme Court was holding that the appeal in that case was but a continuation of the criminal prosecution.

We cannot say that this appeal is a criminal prosecution in the same sense. It is a statutory post-conviction remedy in the nature of a civil proceeding. United States v. Hayman, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232 (footnote 4). We need not consider whether, because of this circumstance, a petitioner for relief under § 2255 has standing to demand a record and the appointment of an attorney, for we think that, assuming that such demand may be made in some cases, it should only be allowed when such record, and such court appointed counsel, are essential to permit the appellate court adequately to determine whether the appeal was not taken in good faith or was frivolous and without merit. In Farley v. United States, supra [354 U.S. 521, 77 S.Ct. 1372], the court makes it clear that this is the proposition which the court had in mind when it ordered the transcript in that case. It was noted that such a transcript was required "before his allegation of errors can be accurately evaluated." This suggests that if an accurate evaluation may be made without such transcript, it need not be ordered.

In considering an appeal of the kind now sought to be presented to us, namely, an attempted appeal from a denial of a petition under § 2255, if the facts presented and the record before us clearly permit a determination that the trial judge's certificate of want of good faith was properly issued, and that the appeal is in fact a frivolous one, we may act upon the application for leave to proceed in forma pauperis without further ado and without calling for further record or the appointment of an attorney.

We have before us not only petitioner's application, to which he has appended copies of the two judgments in No. 48,-896 and 48,911, but the Clerk of this court has been supplied with the original records of the court below which we have examined in connection with this application. The facts before us are not in doubt and they show precisely what petitioner has alleged, namely, that two separate forms of judgment in the two cases were executed by the trial judge and filed although they were filed simultaneously.

We hold that the mere circumstance that there were here two separate papers bearing two signatures of the Judge and two separate numbers in no manner invalidated the judgment or sentence of the court, or any part thereof. There was a substantial compliance with Rule 13. Petitioner's claim to the contrary is frivolous and cannot be said to be made in good faith. Accordingly,

we hold that there is no occasion nor legal requirement for the appointment of counsel for the appellant nor for ordering a transcript to be furnished, and the petition for leave to appeal in forma pauperis is accordingly denied.