Robert ANDERSON, Appellant,

v.

Robert A. HEINZE, Warden, Folsom
State Prison, Appellee.

Misc. No. 748.

United States Court of Appeals
Ninth Circuit.

June 19, 1958.

Certiorari Denied Nov. 10, 1958.
See 79 S.Ct. 131.

480

Robert Anderson, pro se.

Before STEPHENS, Chief Judge, and POPE and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Robert Anderson, presently incarcerated at Folsom State Prison, has appealed from a district court order denying him the right to proceed in that court on a habeas corpus application in forma pauperis.[1] He has applied to the

1. We will assume, for present purposes, that a district court order in a habeas corpus proceeding denying a motion to proceed in forma pauperis is final and appealable. See Application of Hodge, 9 Cir., 248 F.2d 843, 844.

judges of this court for a certificate of probable cause, the issuance of which is required before an appeal may be entertained in a case of this kind. 28 U.S.C.A. § 2253. He also seeks leave to proceed in this court in forma pauperis,[2] and has requested that an attorney be appointed to assist him in obtaining leave to appeal, and in prosecuting the appeal.

We will first consider the request that an attorney be appointed to assist Anderson in obtaining leave to appeal in forma pauperis.[3]

■ If this were an appeal from a conviction in federal court, there is no question but that Anderson would be entitled to such assistance as a matter of right. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593. The rationale of that decision is premised upon the fact that an appeal from a judgment of conviction is one step in the criminal proceedings. Since the Sixth Amendment entitles defendants in federal criminal proceedings to the aid of counsel (Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461), that right extends to every phase of the appeal, including the preliminary phase of obtaining permission to appeal in forma pauperis. See In re Dinerstein, 9 Cir., 258 F.2d 609; Gershon v. United States, 8 Cir., 243 F.2d 527, 530.

■ We may not decline to appoint counsel in such an appeal on the ground that the record before us reveals no meritorious issue. An attorney appointed to assist an indigent defendant in this preliminary phase of an appeal from a federal conviction is not limited by the issues raised in the defendant's initial pro se application. He may search the record for issues more meritorious than those suggested in the original application.

■ The instant appeal, however, is not a step in a federal criminal proceeding, but is a step in a federal civil proceeding. United States v. Hayman, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232. The Sixth Amendment has no application here, and the rule of Johnson v. United States is not controlling.[4]

■ On an appeal from a district court order in such a civil proceeding, the constitutional right which is involved with regard to a request for legal assistance is the due process clause of the Fifth Amendment. If, under the circumstances of a particular case, the attainment of due process requires that counsel be appointed to assist an appellant with his request to proceed in forma pauperis, then it is our duty to provide such counsel. We are also empowered, in the exercise of a sound discretion, to grant such a request, even though, under the particular facts, the sanctions of the due process clause do not compel such action.

■ In order to determine whether due process requires the appointment of such counsel, and whether we should in any event appoint counsel in the exercise of our discretion, it is necessary to

2. Anderson has not filed in this court a motion for leave to proceed in forma pauperis, supported by the affidavit required by 28 U.S.C.A. § 1915. Such an application and affidavit, however, were filed in the district court. We have called for the file of the district court, and now have it before us. We will therefore consider that Anderson has here renewed his application to proceed in forma pauperis.

3. For all practical purposes, the determination of the request for legal assistance in obtaining leave to proceed in forma pauperis will be dispositive of the request for such assistance in obtaining

a certificate of probable cause, and in prosecuting the appeal.

4. Habeas corpus involving a state prisoner—United States ex rel. Rodriguez v. Jackson, 2 Cir., 246 F.2d 730, 731; United States ex rel. Lowery v. Murphy, 2 Cir., 245 F.2d 751, 752; United States ex rel. Tierney v. Richmond, 2 Cir., 245 F.2d 222. Habeas corpus involving a federal prisoner—Hill v. Settle, 8 Cir., 244 F.2d 311. Proceedings under 28 U.S.C.A. § 2255, to vacate, set aside, or correct a federal sentence—In re Dinerstein, supra; Gershon v. United States, 8 Cir., 243 F.2d 527. Coram nobis involving federal prisoner—In re Dinerstein, supra.

examine the record before us. See In re Dinerstein, supra. In this respect, our function differs from that which is to be performed where an indigent appellant in federal criminal proceedings asks for legal assistance. In the latter case, as heretofore noted, we have no function to examine the record, but are to grant the request as a matter of course.

Before attempting to determine from this record whether due process requires, or our discretion dictates, the appointment of counsel to assist in obtaining leave to appeal in forma pauperis, we should have in mind the kind of a showing an indigent appellant must make in order to obtain such permission.

As stated in the very recent decision in Ellis v. United States, 78 S.Ct. 974, 975, the only statutory requirement for the allowance of an indigent's appeal is the applicant's "good faith." 28 U.S.C.A. § 1915. Explaining what is meant by "good faith," the court there said:

> " * * * In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant, Fed.Rules Crim.Proc. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal in forma pauperis must be allowed." [5]

The task, then, of one seeking leave to appeal in forma pauperis is to show that the issues sought to be raised are not plainly frivolous.

■ Where, in an attempted appeal in a federal habeas corpus proceeding, the papers filed by him reveal a reasonable probability that an issue which is not plainly frivolous may be presented, we think it appropriate, in the exercise of our discretion, if not required by the concept of due process, to grant a request for legal assistance in seeking leave to proceed in forma pauperis.[6]

Where an examination of the papers filed reveals no such probability, we believe that due process does not require us to grant such a request, and that it ought not to be granted in the exercise of our discretionary power.

■ We now proceed to an examination of the papers before us, for the purpose of determining whether they reveal a reasonable probability that an issue which is not plainly frivolous may be presented. In doing so, we will be liberal in our appraisal of Anderson's presentation, and will disregard all technicalities.

Anderson is held in state custody pursuant to a judgment of conviction entered on January 4, 1954, by the superior court of Los Angeles county, California. The conviction was based on a charge of grand theft coupled with a charge of a prior conviction of grand theft and issuing a check without sufficient funds. Anderson was represented by counsel in the state court trial.

The judgment of conviction was affirmed in People v. Anderson, 126 Cal. App.2d 702, 272 P.2d 805, Anderson appearing pro se. The California Supreme Court denied petitioner a hearing. The United States Supreme Court denied certiorari. Anderson v. People of State

---

5. There is no comparable provision in the Federal Rules of Civil Procedure which governs habeas corpus proceedings. Nevertheless, civil as well as criminal appeals may be dismissed when shown to be frivolous. See Collins v. Wayland, 9 Cir., 139 F.2d 677; McMillan v. Taylor, 81 U.S.App.D.C. 249, 160 F.2d 217.

6. This, of course, is on the assumption that the appellant has filed an affidavit showing citizenship, indigency, and the other matters specified in 28 U.S.C.A. § 1915(a). The "such person" referred to in 28 U.S.C.A. § 1915(d), authorizing the appointment of an attorney, is one who has filed the affidavit called for by 28 U.S.C.A. § 1915(a).

of California, 348 U.S. 918, 75 S.Ct. 302, 99 L.Ed. 720.

On March 24, 1958, Anderson filed the instant application for a writ of habeas corpus. At the same time, he moved the district court for leave to proceed in forma pauperis, and requested the court to appoint counsel for him in that proceeding.

On April 23, 1958, the district court entered the order from which the present appeal is taken. In this order, the motion to proceed in forma pauperis and the request for the appointment of counsel were denied.

In a memorandum opinion accompanying this order, the reasons that these motions were being denied are recited. The primary reason there given is that the application for a writ of habeas corpus contains nothing more than a restatement of grounds advanced and rejected in several previous federal habeas corpus applications, and that the ends of justice will not be served by a re-examination of those issues. In each of the previous cases, motions to file the application in forma pauperis had been denied.[7]

■ This reason given by the district court for denial of the present motions, if sustained by the record, was adequate and proper. A motion to proceed in forma pauperis on an application in the district court by a state prisoner for a writ of habeas corpus is to be granted unless the issues presented are plainly frivolous. In making that determination, the district court examines the papers before it. If it finds that the application has no merit, and would be denied without hearing in the event of a nonindigent applicant, a motion to proceed in forma pauperis is to be denied.

Where such a motion is, for this reason, denied, a similar motion submitted in connection with a subsequent application in which no new grounds are advanced may be denied forthwith, and without re-examination of the merits of the renewed grounds, where, as in this case, it is found that the ends of justice will not be served by such inquiry.[8]

■ On this appeal, Anderson asks us to pass upon the merits of the issues he raised in the trial court. As indicated above, the trial court did not deal with those issues upon the merits. It decided against Anderson on the wholly different ground that the issues had been raised and disposed of in prior proceedings. The correctness of the latter ruling is the only issue which Anderson could properly raise here.

■ Yet, with one exception, Anderson does not now dispute the determination of the district court that the instant application advances no new ground. This is the most significant fact to be drawn from the papers before us. The one exception has to do with the contention that the trial court erred in permitting use, at the trial, of a transcript of the preliminary hearing.

7. Order of December 16, 1955, Misc. No. 916; order of January 31, 1957, Misc. No. 1027; order of April 2, 1957, Misc. No. 1046; order of April 3, 1957, Misc. No. 1047; order of April 4, 1957, Misc. No. 1049, all unreported.

8. This is in keeping with 28 U.S.C.A. § 2244, which provides:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

As before noted, the district judge made the findings necessary to give application to this statute. Our conclusion would be otherwise if it had not been found that the ends of justice will not be served by such inquiry. As the statute indicates, the fact that the point in issue has been previously considered and rejected by a court of the United States is not enough to warrant forthwith refusal to re-examine the point in a subsequent proceeding. It must also be determined that the ends of justice will not be served by such re-examination.

But, assuming that this is a new ground (which it is not), it is one which presents no federal question. Nor does Anderson suggest any reason why the ends of justice would be served by a reexamination of the old grounds.

 But, even had the trial court overlooked the fact that all points raised had been previously litigated in federal court proceedings, it would have been required to deny the relief requested. This is true because no one of the grounds stated in Anderson's application for a writ of habeas corpus presented anything approaching a federal question.[9] A state prisoner is not entitled to a writ of habeas corpus from a federal court unless he is in custody in violation of the Constitution or laws or treaties of the United States. Sampsell v. People of State of Cal., 9 Cir., 191 F.2d 721.

 We are therefore of the view that the papers before us reveal no reasonable probability that an issue which is not plainly frivolous may be presented on this appeal. Accordingly we hold,

in conformity with the principle announced earlier in this opinion, that the due process clause of the Fifth Amendment does not entitle this appellant to the appointment of counsel as a matter of right.

The same considerations are sufficient to indicate that we should not grant such request as a matter of discretionary relief. But there are also other considerations leading to the same conclusion, which ought to be mentioned.

 This particular habeas corpus proceeding involves not a federal, but a state prisoner. He has already had a complete state court adjudication of every issue which he seeks to raise.[10] Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction.[11]

The request for appointment of counsel to assist Anderson in obtaining leave to proceed in forma pauperis on this appeal is accordingly denied.

9. Briefly stated, the grounds asserted in the application for a writ of habeas corpus are as follows:

(1) Anderson was not brought to trial within sixty days after the filing of the information, contrary to Cal.Pen.Code, §§ 1381, 1382. (This question was disposed of in People v. Anderson, 126 Cal.App. 2d 702, 272 P.2d 805, it being pointed out that the delay was due to the fact that Anderson, after apprehension, became a fugitive from justice);

(2) Anderson was not taken before a magistrate "without unnecessary delay, and, in any event, within two days after his arrest," as required by Cal.Pen.Code, § 825, but was held from March 23, 1953, until July 13, 1953, before being transported to Los Angeles, "without a presentation before a magistrate." (The state court decision referred to above recites that the information was filed on September 13, 1951, and that he was arraigned on September 17, 1951);

(3) The evidence was insufficient to sustain the conviction because no criminal intent was shown. (This question was dealt with in the decision of the California District Court of Appeal, supra, it being held that "the evidence fully sup-

ports the finding that defendant was guilty of grand theft");

(4) It was error to permit use, at the trial, of a transcript of the preliminary hearing. (Rejecting the same contention, the California District Court of Appeal said: "Defendant has no cause for complaint because his counsel, in his presence, submitted the cause on the transcript of the preliminary examination reserving the right to present further evidence.")

Briefs filed by appellant in this court advance two or three additional grounds which were not mentioned in his application for a writ of habeas corpus. None of them, however, involves a federal question.

10. Were this not true, he would not have exhausted his state remedies, and would, for that reason, have no standing in federal court.

11. In the rare case where state appellate review on the merits has been denied because of a jurisdictional defect for which the appellant ought not to be blamed, a different conclusion may be indicated.

The factors outlined above indicate that the certificate of the district court that the appeal is not taken in good faith should not be displaced, and we decline to do so. The motion to proceed in forma pauperis is therefore denied.

The district court, in an order dated May 6, 1958, denied Anderson's request for a certificate of probable cause. For the same reasons which actuate our disposition of the other motions referred to above, each of the undersigned judges, acting individually, declines to issue a certificate of probable cause.

The application for a certificate of probable cause, motion for leave to proceed in forma pauperis, and request for appointment of counsel are denied. The appeal is dismissed.