**UNITED STATES of America ex rel. Robert Newton GARDNER, Jr., Appellant,**

v.

**William T. MADDEN, Captain, Edward J. Sanchez, Sergeant, Joe Aguirre, Detective, Dalton Newland, Inspector, William H. Parker, Los Angeles Chief of Police, Appellees.**

No. 19971.

United States Court of Appeals Ninth Circuit.

Nov. 3, 1965.

Robert Newton Gardner, Jr., in pro. per.

Roger Arnebergh, City Atty., Los Angeles, Cal., for appellees.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge:

This is another of the never-ending flow of cases initiated by State-incarcerated prisoners alleging an abridgement of their federal civil rights. Sued are four city police and one state narcotics inspector who allegedly entered into a conspiracy to deprive appellant of his rights by means of (1) an illegal arrest without warrant on December 10, 1959, for robbery; (2) a search of appellant's house after such arrest; (3) prolonged interrogation and refusal to allow appellant to call an attorney; (4) rearrest and booking for possession of narcotics; (5) physical abuse; and (6) perjury at preliminary examination by defendant Sanchez—some twenty miscellaneous acts, allegedly violating appellant's civil rights. (42 U.S.C. § 1983.)

The order dismissing the complaint in the district court was on the court's own motion. It was done apparently on the hearing of the plaintiff's motion for appointment of an attorney, and for permission to proceed in forma pauperis. It was not based on appellant's failure to state a claim. In fact, the order of dismissal specifically recognizes that the claim stated could probably be litigated at a later date.

The court gave two reasons for the dismissal. One—that the court had no authority to appoint counsel to represent the appellant in a civil action; and second—that there are no funds available to pay witness fees or transport appellant from his place of incarceration to the district court.

Without passing on the second reason, we cannot agree with the first.[1] 28 U.S.C. § 1915, by its terms, authorizes the appointment of counsel in civil actions.[2]

It is true that the appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district court. It is a privilege and not a right. Wright v. Rhay, 310 F.2d 687 (9th Cir. 1962), cert. denied 373 U.S. 918, 83 S.Ct. 1309, 10 L.Ed.2d 418 (1963).

Here the plaintiff sought to appeal in forma pauperis from the district court's dismissal. The district court found the appeal was taken in good faith and was not frivolous. It is only if the issues raised are so frivolous that an appeal would be dismissed in the case of a non-indigent litigant, that a motion to appeal in forma pauperis should be denied. Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); John v. Gibson, 270 F.2d 36 (9th Cir. 1959).

1. It might be that an appointed attorney could, by way of depositions, obviate the necessity of transporting the plaintiff, or, at least, preserve testimony for subsequent hearings.

2. We note that there is good reason, from some language used by this court in the past, to come to a contrary conclusion and draw a distinction between civil and criminal cases. Anderson v. Heinze, 258 F.2d 479 (9th Cir. 1958); In re Dinerstein, 258 F.2d 609 (9th Cir. 1958); and see Judge Duniway's concurring opinion in Weller v. Dickson, 314 F.2d 598, at 603 (9th Cir. 1963).

The court of appeals may, in the exercise of its plenary power, dismiss a civil appeal as frivolous. Jimenez v. Barber, 252 F.2d 550 (9th Cir. 1958). But because the district court granted permission to appeal in forma pauperis, we should give that order "great weight." We do, and therefore will not dismiss the appeal as frivolous.

In civil actions for damages, appointment of counsel should be allowed only in exceptional cases. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963). This involves the exercise of the court's discretion. Here the court below may have refused to exercise its discretion upon the mistaken belief it had none.

The state of the record before us makes it impossible to determine whether the court felt it had any discretion to exercise. We remand for clarification.