869 F.2d 1496
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Joe BURNS, Jr., Plaintiff-Appellant,
v.
William CALLAHAN, Superintendent, Attorney General,
Washington State, State of Washington, Defendants-Appellees.
 No. 87-3792.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1988.*
Decided March 7, 1989.
 Before EUGENE A. WRIGHT, WALLACE, and PREGERSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Until August of 1988, Joe Burns, Jr. (Burns) was an inmate of the McNeil Island Correction Center in Washington State (prison). Proceeding pro se, Burns brought a section 1983 action against the Washington Department of Corrections and various correctional officers (defendants). He contended that defendants had violated his right of access to the courts by implementing prison policies which limited his access to the law library, to legal resources, and to photocopies. In particular, Burns alleged that the prison's policies caused the Ninth Circuit to dismiss as moot his appeal of the denial of his petition for a writ of habeas corpus. In that habeas petition, Burns had sought release pending the disposition of his direct appeal of his conviction in state court. According to Burns, the prison's policies made it impossible for him to file his federal appellate brief before his state court conviction was affirmed. Once his conviction had been affirmed, his appeal became moot and was dismissed. In his section 1983 suit, Burns also complained of the confiscation of his legal papers by defendants. He sought damages and injunctive relief. In addition, Burns several times requested the court to appoint counsel to assist him in litigating his claims. The district court denied Burns's requests.
 
 
 2
 On February 13, 1987, the magistrate assigned to the case issued a report and recommendation advising that summary judgment be granted in favor of defendants. The district court adopted the magistrate's findings, granted defendants' motion for summary judgment, and dismissed the action. Burns's subsequent motion for reconsideration was denied. In this appeal, Burns contends that the district court erred in dismissing his action, abused its discretion in refusing to appoint counsel to litigate his claims, and erred in denying his requests for a temporary restraining order or preliminary injunction. The district court had jurisdiction under 28 U.S.C. Sec. 1343(a)(3). We have jurisdiction of this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review the district court's entry of summary judgment independently. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 4
 Inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977).
 
 
 5
 [T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.
 
 
 6
 Id. at 828.
 
 
 7
 Burns first argues that defendants violated his right of access to the courts by refusing to grant him free photocopying of documents. Burns wished to send these photocopies to the Ninth Circuit in support of his earlier appeal from denial of a petition for a writ of habeas corpus. The denial of Burns's habeas petition is not itself at issue in this case. Burns alleges that because he was unable to send copies of certain documents to the Ninth Circuit panel reviewing the denial of his habeas corpus petition, the panel dismissed his appeal as moot. According to Burns, "to deny an inmate [free] photocopies of material necessary for presentation of his case to the Court denies that inmate a meaningful means of presenting his case to the Court."
 
 
 8
 The magistrate, who reviewed the Ninth Circuit proceedings (No. 85-3762, dismissed on January 23, 1986), summarized the relevant facts and law:
 
 
 9
 In that [habeas] action, the plaintiff sought habeas relief from incarceration pending appeal of his state conviction.... The Ninth Circuit, after granting the plaintiff several extensions of time, dismissed the appeal as moot. The Ninth Circuit did not explain its finding, but it may be inferred that the plaintiff's appeal in state court was resolved, rendering his request for release pending resolution of appeal from state conviction moot.
 
 
 10
 Based on this inference, it may be argued that the Ninth Circuit dismissal was the indirect result of delay that the plaintiff attributes to the defendants. If the plaintiff was legitimately entitled to release pending his state court appeal, but delays caused by the defendants prevented presentation of this issue to the Ninth Circuit until after his state appeal was denied, he might have a valid claim for damages. Nonetheless, this appears not to be the case.
 
 
 11
 The plaintiff does not argue that the delay in presenting issues to the Ninth Circuit was caused by his inability to gain admittance to the law library. Instead the plaintiff argues that he lost his appeal because of defendants' refusal to make free photocopies. The plaintiff does not dispute that [the prison] issues free carbon paper to the inmates for the use of making multiple copies of pleadings. The plaintiff is most concerned with his inability to make photocopies of exhibits for the use of the Ninth Circuit. There is no need, however, for the plaintiff to submit exhibits to the court in a petition for Writ of Habeas Corpus. Under Rule 5 of the Rules Governing Section 2254 cases, the respondents are required to submit all relevant sections of the record of all state court proceedings. Further authorization is made for the expanding of that record where necessary. Rule 7, Rules Governing Section 2254 cases. Upon appeal, all of these materials and the contents of the District Court file of the proceeding are sent by the District Court to the Court of Appeals. [Fed.R.App.P. 22]....
 
 
 12
 In sum, this Magistrate can see no way in which the plaintiff's appeal was prejudiced by his inability to make photocopies....
 
 
 13
 Magistrate's Report & Recommendation at 7-9 (footnote omitted).
 
 
 14
 To the extent that Burns's claim concerned an alleged inability to send photocopies of exhibits to the Ninth Circuit, the magistrate's conclusion is correct. Burns, however, also argues that he was unable to furnish the Ninth Circuit with the required number of copies of his appellate brief within the time allotted to him because he was forced to use a typewriter that could produce only two copies at a time. Burns alleges that defendants refused his request to photocopy his brief and addendum because he could not pay for it.
 
 
 15
 Burns's argument is meritless. In his earlier habeas corpus appeal (No. 85-3762), he moved for a waiver of the requirement that he submit copies of his opening brief. Our court granted this motion. Since Burns was required to submit only his original brief in his habeas appeal, his claim that the prison policy impeded his access to court is at best frivolous and borders on bad faith.
 
 
 16
 Burns also argues that the law library was too small for the population it served. This argument lacks any support in the record. Burns has failed in his papers to controvert defendants' assertions regarding access to the library. Burns has not alleged facts showing that the limits set by defendants on his use of the law library prevented him from performing the legal research necessary to obtain access to the courts. Therefore, summary judgment in favor of defendants on this issue was appropriate, because the party opposing summary judgment may not rest on conclusory allegations but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).
 
 
 17
 Burns next alleges that on or about January 20, 1987, defendants confiscated from him the records of this case and other legal materials. According to Burns, he needed these materials to respond to defendants' motion for summary judgment. He contends that defendants kept these materials for over six months, denying him access to them. As a result, Burns was allegedly unable to make an effective response to the magistrate's report, on the basis of which the district court granted defendants' motion for summary judgment. Therefore, according to Burns, the confiscation of his materials by defendants prevented him from filing a response to defendants' motion for summary judgment. Burns says that his materials were returned to him on June 26, 1987.
 
 
 18
 The magistrate was aware of Burns's contention regarding the allegedly confiscated materials, and stated in his report that the allegation struck him as "a potential denial of access to the courts claim." The magistrate observed that Burns has "describe[d] his vain day-to-day attempts to gain access to his confiscated legal research materials, and arguably will be prevented from responding to this report and recommendation [by his inability to gain access to these materials]." The magistrate therefore issued an order to show cause requiring defendants to respond to Burns's allegation.
 
 
 19
 In their March 11, 1987, response to the order to show cause, defendants stated that a breakdown in communications among prison personnel had resulted in the failure by staff persons to allow Burns access to his stored legal materials between January 1987 and February 1987. Defendants asserted that prison staff persons were "now fully aware" of an arrangement between Burns and prison authorities to permit Burns access to his legal materials, and promised that "[t]here should be no more confusion a[s] to when and under what circumstances Burns can have access to his stored legal material." Defendants attached as an exhibit a memorandum from Unit Sergeant Lewis to Burns setting out the procedure and guidelines for obtaining access to Burns's stored legal materials.
 
 
 20
 On March 13, 1987, Burns filed a motion requesting an extension of time in which to respond to defendants' motion for summary judgment. Burns stated that he needed an additional 60 days to conduct "discovery." Burns's underlying contention was that without discovery by means of interrogatories to defendants, the district court would lack adequate information to rule on defendants' motion for summary judgment. Burns also alleged that he was being denied "meaningful access" to his legal materials.
 
 
 21
 Because Burns offered no evidence showing that this alleged deprivation hindered him in presenting his case to the district court, the district court correctly granted summary judgment against Burns on this claim. Burns simply failed to controvert defendants' evidence as required by Rule 56(e). In addition, although Burns argues in his opening brief that he was unable to prepare and submit a response to the report "due to lack of discovery and confiscation of the records of the case by appelle[e]s," he nowhere explains how the unavailability of particular documents prevented him from replying to the report. Therefore, we conclude that Burns also failed to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 22
 Burns sought appointment of counsel to litigate his section 1983 action on three separate occasions. Each motion for appointment of counsel was denied. On appeal, Burns also challenges the district court's denial of these motions.
 
 
 23
 We review the district court's refusal to appoint counsel for abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (Wilborn ); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980) (per curiam) (Aldabe ). There is no constitutional right to appointed counsel for section 1983 claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981), citing Aldabe, 616 F.2d at 1093. Instead, a court has discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. Sec. 1915(d). Aldabe, 616 F.2d at 1093. This court has limited the exercise of that power to exceptional circumstances. Id., citing United States ex rel. Gardner v. Madden, 352 F.2d 792, 794 (9th Cir.1965). Whether there exists "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.
 
 
 24
 The district court did not abuse its discretion in denying Burns's motions for appointment of counsel. The district court could have properly concluded that Burns had not demonstrated a likelihood of success on the merits. Nor are the legal issues presented by this case particularly complex; Burns's briefs articulate his claims and their legal bases quite ably. We therefore affirm the district court's denial of Burns's motions for appointment of counsel.
 
 
 25
 Lastly, Burns challenges the denial of his motion for a temporary restraining order or preliminary injunction. Burns twice asked the court to (1) restrain the prison from both taking certain actions and enforcing certain of its policies, and (2) require the prison to return his legal materials to his cell. As for Burns's first motion, the magistrate recommended that injunctive relief be denied, and the court adopted this recommendation. The court likewise denied Burns's second motion for a preliminary injunction. We need not address whether the district court abused its discretion in denying Burns's motions, since the issue is now moot. Burns is no longer in custody, and the prison's policies cannot present any threat of imminent harm to him. See Benz v. Compania Naviera Hildalgo, S.A., 205 F.2d 944, 946-47 (9th Cir.), cert. denied, 346 U.S. 885 (1953); see generally 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 2962 (1973).
 
 
 26
 AFFIRMED.