**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN PATRICK ROE,

                Petitioner - Appellant,

   v.

RICK COURSEY,

                Respondent - Appellee.

No. 10-35535

D.C. No. 6:08-cv-01472-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted February 6, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

   John Patrick Roe appeals from the district court's order denying his petition

for habeas corpus relief pursuant to 28 U.S.C. § 2254(a). Roe contends that his

trial counsel rendered ineffective assistance by failing to advise him of his

conditional right, under Oregon law, to waive a trial by jury and request a bench

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

trial.  Roe also contends that the district court erred when it denied his repeated requests to appoint habeas corpus counsel.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  We affirm because we conclude that the district court did not err in rejecting Roe's contentions.

# I

Roe contends that his counsel's performance was deficient because she had a duty to consult with him regarding his conditional right, under Oregon law, to waive a jury trial and request a bench trial.  According to Roe, by failing to do so, counsel acted unilaterally on a decision that was reserved to Roe and, thus, there was no valid waiver of his right to request a bench trial.

We review a state habeas petitioner's "claims through the lens of AEDPA's extremely deferential standard of review."  *John-Charles v. California*, 646 F.3d 1243, 1247 (9th Cir. 2011).  In order to be entitled to relief, a petitioner must show that the state court's denial of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."  28 U.S.C. § 2254(d).  The Supreme Court set forth the standard for ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 669 (1984), which requires that a petitioner show that counsel's performance was deficient resulting in prejudice to the defense.  *Id.* at 687.

In order to establish deficient performance, a petitioner must show that counsel's errors were so serious that she "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, -- U.S.--, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689). Though possible, it is difficult to establish ineffective assistance based on a single error when "counsel's overall performance indicates active and capable advocacy." *Id.* at 791.

Roe relies on *Jones v. Barnes*, 463 U.S. 745 (1983), to support his contention that he had the ultimate authority to make the "fundamental decision" of whether to invoke his right to waive a jury trial and request a bench trial. Roe's reliance on *Jones v. Barnes* is misplaced. In *Jones*, the Supreme Court stated that a defendant "has the ultimate authority to make certain fundamental decisions," like whether to waive a jury trial. *Jones*, 463 U.S. at 751 (citing *Wainwright v. Sykes*, 433 U.S. 72, 93 n.1 (1977) (Burger, C.J., concurring)). In this case, Roe's counsel did not waive his right to a jury trial.

Roe does not have a federal constitutional right to waive a jury trial and request a bench trial. In *Singer v. U.S.*, 380 U.S. 24 (1965), the Supreme Court recognized that there is no federal constitutional right to waive a jury trial. *Id.* at

34. Consequently, Roe was not entitled, under the federal constitution, to a bench trial and, as a result, he was not entitled, under the federal constitution, to be consulted regarding the right to a bench trial.

Roe attempts to show that he was nonetheless entitled to be consulted regarding his conditional right to waive his right to trial by jury. Roe, however, has not shown that counsel's failure to consult him regarding this state right necessarily constitutes deficient performance under *Strickland*. Indeed, he has not pointed to any Supreme Court precedent establishing that the failure to advise a defendant of a state right, alone, renders counsel's performance deficient.

Because we conclude that Roe has not satisfied *Strickland*'s deficient performance prong, we need not address the prejudice prong.

## II

Roe also asserts that the district court abused its discretion by failing to appoint counsel for his habeas corpus proceedings under § 2254(a). This issue was not certified by the district court for our review. However, it was raised in Appellant's brief. We construe it as a motion to expand the certificate of appealability and grant it pursuant to Ninth Circuit Rule 22-1(e) because "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . ." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A state petitioner does not have a federal constitutional right to appointment

of counsel in proceedings pursuant to § 2254(a). *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) (explaining that the Sixth Amendment right to counsel does not apply in habeas corpus actions). In order to be entitled to appointed counsel, a petitioner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see* 18 U.S.C. § 3006A(a)(2) (providing that a district court has discretion to appoint counsel for state habeas corpus petitioners when it determines "that the interests of justice so require"); *see Anderson*, 258 F.2d at 484 ("Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction."). Consequently, the federal constitutional right at issue when a district court denies a state habeas corpus petitioner's request for appointment of counsel is the right to due process, not the Sixth Amendment right to counsel. *Chaney*, 801 F.2d at 1196.

Here, Roe has not made a substantial showing of a denial of his federal constitutional due process rights by the district court's failure to appoint habeas counsel. Roe contends that the district court should have appointed him counsel because (1) counsel needed to conduct a factual investigation, which was impossible for him to conduct from prison, (2) the availability of law library resources was limited, and (3) he had no legal training and was not able to

understand the legal principles necessary to litigate the case. Roe, however, has not shown that these obstacles, which are faced by many state habeas petitioners, entitle him to appointment of counsel in order to avoid due process violations. *See generally LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (concluding that district court did not abuse its discretion in failing to appoint habeas counsel where district court pleadings showed that petitioner understood the issues and was able to present his contentions); *Knaubert v. Goldsmith*, 791 F.2d 722, 729-30 (9th Cir. 1986) (finding district court did not abuse its discretion in failing to appoint habeas counsel where no evidentiary hearing was necessary).

**AFFIRMED.**