NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE AMEZQUITA, | No.    21-56059 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01461-AJB-KSC |
| v. | |
| HOUGH; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 20, 2023**
San Francisco, California

Before:  WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Jose Amezquita appeals pro se from the district court's summary judgment

for California Department of Corrections and Rehabilitation Correctional Officers

Dystery Hough and Robert Downs and Associate Warden Francisco Armenta

(Defendants).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's summary judgment and its determination that a prisoner failed to exhaust administrative remedies. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004); *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We review for an abuse of discretion orders concerning discovery and appointment of counsel under 28 U.S.C. § 1915. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469 (9th Cir. 1992); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). We affirm.

Amezquita alleges that Defendants acted with deliberate indifference in violation of the Eighth Amendment while he was an inmate when they ignored his threat of suicide for placing him in an administrative segregation unit, the "C-Yard." Amezquita states that placement in the C-Yard would endanger his life as he was suffering from suicidal thoughts, paranoia, and claustrophobia, and that he was placed there in retaliation for refusing to act as a "snitch." He alleges that the officers knew he would be suicidal if he were placed in the C-Yard, but the officers ignored him as they escorted him to the C-Yard, where Amezquita says that he self-harmed.

Amezquita sued Defendants under 42 U.S.C. § 1983, arguing that Defendants were aware of his risk of suicide but were deliberately indifferent to his serious medical needs when he cut himself. The district court adopted the magistrate judge's report and recommendation to grant Defendants' motion for summary judgment, and deny Amezquita's request for additional discovery and appointment of counsel. Amezquita asks us to overturn the summary judgment, arguing that he exhausted his

administrative remedies and/or they were unavailable, the court erred in granting summary judgment without a jury trial, and the court should have granted him assistance of counsel and allowed him more time for discovery.

Amezquita first argues that he exhausted administrative remedies before filing this action, as required under the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). In this case, he needed to have utilized the California prison system's grievance process by submitting a Form 602 within 30 days of the contested action. Cal. Code Regs. tit. 15 §§ 3084-3085 (2019) (repealed June 1, 2020). In the alternative, he argues that administrative remedies were effectively unavailable to him as he feared retaliation from prison officers if he chose to file a Form 602.

A defendant bears the burden to prove that the prison had "an available administrative remedy" and that "the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). After the defendant makes such a showing, the plaintiff bears the burden of production to establish that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Defendants met their burden by providing non-speculative evidence, including through testimonies and physical evidence indicating that they had no record of 602 forms filed by Amezquita. Amezquita asserts that the forms must have been lost or deliberately misplaced, and that he is excused from exhaustion because he feared

3

retaliation from prison officials if he had filed them. *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (holding that administrative remedies are unavailable for fear of retaliation if an inmate shows he (1) actually believed officials would retaliate against him, and (2) his belief was objectively reasonable).

We assume *arguendo* that Amezquita did exhaust his claims, or that they were unavailable to him. However, we hold that summary judgment was properly granted to Defendants on the merits, as Amezquita failed to produce specific facts beyond his pleadings that puts Defendants' evidence into dispute. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (to preclude summary judgment, a party may not rest on allegations in his pleadings but must set forth specific facts showing that there is a genuine issue for trial). First, Defendants produced time-stamped records and sworn declarations showing how Officers Hough and Downs, whom Amezquita alleges escorted him to the C-Yard, were not actually present at work at the time. Second, Amezquita's own testimony indicates that his statements to Defendants were much vaguer than admitting he would kill himself if put into C-Yard; rather, he told Armenta that "something is going to happen to me" if he is sent to C-Yard. From these pleadings and statements alone, Amezquita has not shown that Defendants were aware of and disregarded an excessive risk to his health and safety. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). The district court did not err in holding that no reasonable jury could

conclude that Defendants were subjectively aware of and failed to respond to Amezquita's suicide risk. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Amezquita contends that the district court also erred in not appointing counsel for him as a pro se litigant. Though Amezquita may face challenges litigating his case pro se, it is within a district court's discretion whether to appoint counsel in a § 1983 action and whether "exceptional circumstances" exist to do so. *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). Here, the district court acted within its discretion as Amezquita has demonstrated a general ability to articulate his claims throughout his case and there is not a likelihood of success on the merits. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

Amezquita argues that he should have been allowed additional time to complete discovery, considering his pro se status, particularly during the COVID-19 pandemic. However, the district court has broad discretion in deciding whether to permit additional discovery and its decision will not be disturbed "except upon the clearest showing that the denial of discovery results in actual and substantial prejudice." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). The district court did not abuse its discretion here, as Amezquita has not described how additional evidence of video surveillance has a reasonable probability of showing how the ultimate outcome of the court's decision would be different. *Id*.

**AFFIRMED.**

5